■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN B. SOSNIK, Appellant.—

The defendant, a licensed chiropractor, was convicted of having participated with an attorney and a radiologist in fabricating fractures for automobile accident victims who were referred to him by a now disbarred attorney, Stuart Kramer

*(Matter of Kramer,* 120 AD2d 299). The method of operation was for Kramer to refer patients to a number of chiropractors, including the defendant, who would then refer these patients to a radiologist with instructions that a fracture be falsified and diagnosed to perpetuate an insurance fraud.

With respect to the defendant's conviction of conspiracy in the fifth degree, the People concede that the conviction on this count must be vacated and a new trial granted in light of the trial court's failure to instruct the jury that a question of fact was presented as to the issue of whether the defendant's acts took place within the applicable two-year period of limitations *(see, People v Leisner,* 73 NY2d 140). As it is not possible to ascertain whether the jury based the conspiracy conviction upon a timely overt act, it cannot be said that this error was harmless.

As to the remaining seven counts of falsifying business records in the first degree, a review of the record shows that the evidence, viewed in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (CPL 470.15 [5]).

We conclude that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Kunzeman, Eiber and Kooper, JJ., concur.