OPINION OF THE COURT
Jasen, J.
We are asked on this appeal to determine the proper method of computing the Statute of Limitations period in an action for malpractice against the estate of a deceased attorney.
Plaintiff, Richard Glamm, was injured on April 26,1969 while voluntarily assisting regular firemen in the City of Amsterdam Fire Department to extinguish a fire. His injuries required extensive hospitalizations and left him partially disabled. While Glamm was hospitalized, members of his family contacted attorney Reinhart to determine if he could recover for his injuries from the City of Amsterdam. Plaintiff’s complaint in this action indicates *91 that within 30 days of the accident Reinhart visited Glamm at the hospital and agreed to represent him.
On October 1, 1969, attorney Reinhart commenced an action on plaintiff’s behalf under the Volunteer Firemen’s Benefit Law. Apparently Reinhart was of the opinion that plaintiff’s means of recovery for his injuries were governed by that statute and therefore did not commence a tort action against the City of Amsterdam, nor did he file a notice of claim with the city. Such a notice is, of course, a condition precedent to commencing an action against a municipality. (General Municipal Law, § 50-e.)
Plaintiff’s claim under the Volunteer Firemen’s Benefit Law was transferred to the Workers’ Compensation Board where, in March of 1974, the referee ruled against the plaintiff on the ground that he was not an employee of the City of Amsterdam. Almost a year later, in January, 1975, the Workers’ Compensation Appeals Board reversed the decision of the referee and awarded plaintiff benefits on the theory of implied contract. On appeal to the Appellate Division, Third Department, that court, on November 4, 1976, reversed the determination of the Workers’ Compensation Appeals Board and dismissed plaintiff’s claim. (Matter of Glamm v City of Amsterdam, Amsterdam Fire Dept., 54 AD2d 996.)
On October 14, 1976, less than a month before the Appellate Division rendered its decision, attorney Rein-hart died. An appeal to this court was taken from the Appellate Division order by attorneys appointed pursuant to CPLR 321. This court unanimously affirmed the order of the Appellate Division (Matter of Glamm v City of Amsterdam, Amsterdam Fire Dept., 42 NY2d 1026.)
Within 90 days of being served a certified copy of this court’s order, the successor attorneys filed a notice of claim with the City of Amsterdam to recover for injuries sustained because of the city’s negligence in allowing an untrained person to work with its trained fire fighters. The action which was commenced on the basis of that notice was dismissed for failure to comply with the notice requirement of section 50-e of the General Municipal Law. (Glamm v City of Amsterdam, 94 Misc 2d 991.) That *92 decision was affirmed by both the Appellate Division and this court. (67 AD2d 1056, affd 49 NY2d 714.)
On April 7, 1980, almost 11 years after plaintiff was injured, he commenced this malpractice action against the estate of attorney Reinhart.[1] The complaint alleges malpractice against attorney Reinhart for his failure to file a timely notice of claim pursuant to section 50-e of the General Municipal Law with the City of Amsterdam. Plaintiff claims in his complaint that his attorney should have filed such a notice, as required by statute, within 90 days of the accident in order to protect any claims he might have had against the city.
Respondent raised, in her answer, an affirmative defense that this action was barred by the Statute of Limitations and moved on that basis for summary judgment. Special Term denied the motion and granted a cross motion to dismiss the affirmative defense.
On appeal, the Appellate Division reversed, granted respondent’s motion for summary judgment and dismissed the complaint. Applying the three-year Statute of Limitations period for malpractice actions (CPLR 214), the Appellate Division held that the time to bring this action had expired three years after the date on which the executrix had been appointed. The Appellate Division reasoned that under the continuous representation doctrine, the cause of action accrued at the point in time when the professional services which gave rise to the wrongful act or omission ended. In this case, the Appellate Division found that the action accrued at the date of the attorney’s death. Because the cause of action did not come into existence, under the Appellate Division reasoning, until the date of death, the court further found CPLR 210 (subd [b]) to be inapplicable. That section provides that the first 18 months after the death of a person against whom a cause of action exists are not counted in the Statute of Limitations period. The Appellate Division reasoned that CPLR 210 (subd [b]) could not be applied unless the cause of action existed prior to the death of the person liable. The Appellate Division *93 concluded that CPLR 210 (subd [b]) was inapplicable because the cause of action did not come into existence “until the termination of the attorney-client relationship, i.e., upon the death of the attorney”. (84 AD2d, at p 881.) Since that 18-month period could not extend the Statute of Limitations period, the Appellate Division held that the ordinary three-year Statute of Limitations would apply, thus barring this action. We disagree and now reverse the order of the Appellate Division.
An action for malpractice accrues at the date of the malpractice complained of. (McDermott v Torre, 56 NY2d 399.) This is so even if one or several subsequent events have the effect of tolling the Statute of Limitations period. In this case, the alleged malpractice occurred when attorney Reinhart failed to file on behalf of the plaintiff a notice of claim pursuant to section 50-e of the General Municipal Law. It was that error which plaintiff now claims caused him to lose his right to seek recovery against the City of Amsterdam and which, consequently, gave rise to this malpractice action.
Even though the cause of action accrued at the date of the malpractice, the plaintiff was not obligated to commence an action against his attorney during the period in which his attorney continued to represent him in the action to recover for the injuries he sustained at the fire scene. It is not disputed that plaintiff engaged Reinhart as his attorney almost immediately and that until the time of Reinhart’s death he was continually representing the plaintiff. It is thus appropriate in this case, for Statute of Limitations purposes, to apply the rule of continuous treatment or, more appropriately in the legal context, continuous representation.
Although the rule of continuous treatment was first applied in medical malpractice cases (Borgia v City of New York, 12 NY2d 151), its application has been held to be just as appropriate in actions concerning legal malpractice. As this court recently stated, “the rule recognizes that a person seeking professional assistance has a right to repose confidence in the professional’s ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services *94 are rendered (Siegel v Kranis, 29 AD2d 477).” (Greene v Greene, 56 NY2d 86, 94.) Neither is a person expected to jeopardize his pending case or his relationship with the attorney handling that case during the period that the attorney continues to represent the person. Since it is impossible to envision a situation where commencing a malpractice suit would not affect the professional relationship, the rule of continuous representation tolls the' running of the Statute of Limitations on the malpractice claim until the ongoing representation is completed. (McDermott v Torre, supra, at p 407.) Because we interpret the continuous representation rule to toll the Statute of Limitations rather than to delay the point at which the cause of action accrues, its application is limited to situations in which the attorney who allegedly was responsible for the malpractice continues to represent the client in that case. When that relationship ends, for whatever reason, the purpose for applying the continuous representation rule no longer exists.
In this case, the alleged malpractice was the failure of the attorney to timely, file a notice of claim, pursuant to section 50-e of the General Municipal Law with the City of Amsterdam. Thus, the malpractice cause of action accrued after the 90-day period to file the notice of claim expired.[2] The three-year Statute of Limitations was tolled, however, during the period that attorney Reinhart, who plaintiff alleges should have filed the notice, was representing plaintiff in his efforts to recover from the City of Amsterdam. That representation and the toll imposed under the rule of continuous representation necessarily ended at the time of the attorney’s death.
In addition to the tolling of the Statute of Limitations by virtue of the application of the continuous representation rule, we hold that CPLR 210 (subd [b]) is applicable to this case and further extends by 18 months the time within *95 which the plaintiff was required to commence this action. That statute provides, in pertinent part: “The period of eighteen months after the death * * * of a person against whom a cause of action exists is not a part of the time within which the action must be commenced against his executor or administrator.” Thus, CPLR 210 (subd [b]) tolled the Statute of Limitations the moment attorney Reinhart died, and it resumed running automatically 18 months thereafter. The net effect of applying this statute is to tack 18 months onto the time provided for bringing a malpractice cause of action. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 210, p 284; Siegel, New York Practice, § 55, p 56.)
In order for this tolling provision to apply, the claim of malpractice against the attorney must have been in existence prior to the attorney’s death. (Matter of Cudahy, 49 Misc 2d 668; 1 Weinstein-Korn-Miller, NY Civ Prac, par 210.04.) It is necessary, then, to ascertain when plaintiff’s cause of action for malpractice accrued.
Plaintiff argues that the alleged malpractice occurred in 1969 when the attorney failed to file on his behalf a notice of claim pursuant to section 50-e of the General Municipal Law. Hence, he maintains that the cause of action for malpractice accrued after the expiration of the 90 days within which the attorney should have filed the notice of claim with the City of Amsterdam and, therefore, was in existence prior to the death of the attorney in 1976. We agree. As we stated, a cause of action against an attorney for malpractice accrues at the time of the malpractice complained of. (McDermott v Torre, supra.) Here, the cause of action accrued on the date when the malpractice was committed by the attorney in his failure to file a timely notice of claim pursuant to the requirements of section 50-e of the General Municipal Law, thus barring plaintiff from commencing an action against the City of Amsterdam. It is at this point that the plaintiff was aggrieved by Reinhart’s legal representation and the action against him for malpractice came into existence. It matters not that plaintiff was unaware of the malpractice until after the attorney died. What is important is when the malpractice was committed, not when the client discovered it.
*96 Since the cause of action for malpractice was in existence at the date of the attorney’s death, CPLR 210 (subd [b]) is applicable and, thus, the Statute of Limitations did not commence to run in this case until April 14, 1978, 18 months after attorney Reinhart’s death. This action, having been commenced on April 7, 1980, was clearly within the three-year Statute of Limitations applicable to attorney malpractice. (CPLR 214, subd 6.)
Plaintiff also sought to appeal to this court an order of the Appellate Division dated December 31, 1981, which denied his motion for reargument and reconsideration of the decision of that court. Such an order is nonfinal and no appeal from it may be brought to this court.
Accordingly, the order of the Appellate Division, dated November 30, 1981, should be reversed, with costs; and plaintiff’s appeal from the order of the Appellate Division, dated December 31, 1981, should be dismissed.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
On plaintiff’s appeal from the order of the Appellate Division dated November 30, 1981: Order reversed, with costs, and the order of Special Term reinstated.
On plaintiff’s appeal from the order of the Appellate Division dated December 31, 1981: Appeal dismissed, without costs.

. Respondent Frances Allen was appointed executrix of the estate of Floyd J. Reinhart on November 15, 1976.

. The expiration of the 90 days within which to file the notice of claim is the point at which the malpractice occurred even though the attorney might have corrected the error by requesting permission to file a late notice of claim. The attorney in this case never did so and it is pure speculation as to whether or not the court would have allowed him to file a late notice. The fact that he did not redeem himself when a procedure to do so would have been available does not alter the time when the malpractice occurred.