In the Matter of STUART R. KRAMER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 1, 1986

### APPEARANCES OF COUNSEL

*Robert H. Straus (Robert J. Saltzman* of counsel), for petitioner.

*Julien & Schlesinger (David B. Turret* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to practice by this court on October 14, 1964. By order of this court dated October 7, 1983, the Grievance Committee for the Second and Eleventh Judicial Districts was authorized to institute and prosecute a disciplinary proceeding against the respondent. On March 12, 1985, the respondent was convicted of conspiracy in the fifth degree, a class A misdemeanor. By order of this court dated April 8, 1985, the respondent was suspended from the practice of law pending the further order of the court. By order dated April 10, 1985, the Court of Appeals stayed said suspension pending its decision on a motion for leave to appeal to that court. By order dated April 30, 1985, the Court of Appeals, *inter alia,* set aside said stay.

By judgment rendered June 2, 1986, the respondent was convicted of conspiracy in the fifth degree, a class A misdemeanor (Penal Law § 105.05); six counts of insurance fraud in the first degree, a class D felony (Penal Law § 176.20); six counts of grand larceny in the third degree, a class E felony (Penal Law § 155.30); eight counts of offering a false instrument for filing in the first degree, a class E felony (Penal Law § 175.35); two counts of bribing a witness, a class D felony (Penal Law § 215.00); two counts of criminal solicitation in the fourth degree, a class A misdemeanor (Penal Law § 100.05); and a violation of Judiciary Law § 482 (employment by an attorney of persons to solicit retainers), a misdemeanor, after a jury trial in the Supreme Court, Kings County.

Pursuant to Judiciary Law § 90 (4), upon his conviction of a felony, the respondent ceased to be an attorney and counselor-at-law in this State.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and it is directed that the respondent's name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., LAZER, MANGANO, THOMPSON and BRACKEN, JJ., concur.