■ AMY B. GRISTEDE, Appellant, v MORRIS & MCVEIGH et al., Respondents. [597 NYS2d 6] —Order, Supreme Court, New York County (Joan Lobis, J.), entered August 27, 1992, which granted defendants' motion to dismiss the complaint as time barred, unanimously affirmed, without costs.

There is no merit to plaintiff's argument that the Statute of Limitations was tolled because of defendants' continuous representation. Leaving aside the question of standing arising from whether defendants represented plaintiff or a decedent whose estate is not a party, more must be pleaded than occasional, general representation *(see, Olkowski v City of New York,* 179 AD2d 570, *lv denied* 80 NY2d 755), that is "distinct and unrelated" *(Brocco v Westchester Radiological Assocs.,* 175 AD2d 903, 904) to "discrete and completed" work *(Jones v Peacock,* 183 AD2d 1039, 1041). Here, there is not even the most conclusory allegation of continuous representation regarding the decedent's last will and testament.

We have considered plaintiff's remaining arguments and find them to be either without merit or irrelevant in view of the dispositive effect of the Statute of Limitations. Concur—Murphy, P. J., Carro, Rosenberger, Ross and Kassal, JJ.