■ ROSEMARIE JOHNSTON, Appellant, v RAYMOND A. RASKIN et al., Respondents. [598 NYS2d 272] —In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated April 4, 1991, which granted the defendants' cross motion to dismiss the complaint and failed to rule on the plaintiff's motion to compel disclosure.

Ordered that the order is reversed, on the law, with costs, the cross motion is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings with respect to the motion.

The plaintiff commenced this action to recover damages for

legal malpractice against her former attorneys, alleging that they had negligently failed to timely file a notice of claim against the Town of Putnam Valley in connection with an incident involving the Town's police department which resulted in the death of the plaintiff's decedent. The plaintiff moved to compel disclosure, and the defendants cross-moved to dismiss the complaint on the ground that it was "premature", since a separate lawsuit that they had started on her behalf against the property owner involved in the incident was still pending, and, therefore, her damages were unascertainable. The Supreme Court, Kings County, granted the cross motion and dismissed the complaint.

It is well settled that a claim for legal malpractice accrues as of the date of the malpractice complained of or, if the attorney-client relationship has continued, as of the date when that relationship terminates *(see, Glamm v Allen,* 57 NY2d 87; *see also, Pittelli v Schulman,* 128 AD2d 600; *Muller v Sturman,* 79 AD2d 482). In the instant case, the attorney-client relationship ended in March 1989. Since the plaintiff's cause of action had accrued by that date at the latest, she was entitled to commence the instant action to recover damages for legal malpractice. Thus, the Supreme Court erred in dismissing her complaint as being "premature". Moreover, contrary to the defendants' assertions, the plaintiff could commence her action although her damages were, as yet, unconfirmed *(see, Reynolds v Picciano,* 29 AD2d 1012; 76 NY Jur 2d, Malpractice, § 64).

We also find that the plaintiff has adequately pleaded a cause of action sounding in legal malpractice based upon attorney negligence *(see generally,* 5 Carmody-Wait 2d, NY Prac § 29:874; 76 NY Jur 2d, Malpractice, § 64; 3 Bender's Forms of Pleading § 133). Sullivan, J. P., Balletta, Lawrence and Joy, JJ., concur.