■ McDonald A. Burrowes et al., Respondents, v Caruso, Spillane, Contrastano & Ulaner et al., Appellants. [609 NYS2d 660] —In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), dated July 9, 1992, which denied their motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff McDonald A. Burrowes was injured during his employment in 1981, while on premises owned by someone other than his employer. The plaintiffs alleged that in 1983, the defendant attorneys, whom Mr. Burrowes retained, negligently advised him that his only means of recovery was by a claim for Workers' Compensation. The plaintiffs presented evidence that the defendants represented Mr. Burrowes with respect to his Workers' Compensation claim until 1990. Mr. Burrowes' affidavit stated that in 1991, he was informed by another attorney that he could have brought a valid action sounding in negligence against the third-party property owner, but such an action was by then barred by the Statute of Limitations. In 1991, the plaintiffs commenced this action, alleging legal malpractice. The defendants moved to dismiss

and the court denied the motion, finding that the Statute of Limitations was tolled by the "continuous representation" doctrine. We agree. This case bears a close factual resemblance to *Glamm v Allen* (57 NY2d 87), in which a plaintiff's tort action was time-barred after his attorney pursued only Workers' Compensation relief. In *Glamm,* the Court of Appeals found continuous representation, as we do here, for similar reasons. Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.