OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified, without costs, in accordance with the memorandum herein, and, as modified, affirmed.
 

 William Weiss died on June 14, 1979 as a result of injuries sustained in a fall from a ladder while waterproofing the roof of an apartment building in Manhattan. On September 14, 1979, decedent’s widow, plaintiff Lynn Weiss, retained defendant Manfredi & Bondi who, on her behalf, commenced in Supreme Court, Nassau County, an action for wrongful death against the premises owner, who impleaded decedent’s employer. The law firm also represented plaintiff in obtaining general letters of administration and, on April 29, 1981, settled the wrongful death action, with court approval, for $300,000. Plaintiff received her share of the settlement proceeds, less a one-third contingency fee, on June 8, 1981. Through at least November 21, 1985, defendant Manfredi continued to represent plaintiff in connection with her workers’ compensation claim.
 

 After retaining new counsel, in July 1987 plaintiff moved to vacate the Nassau County settlement for inadequacy and failure to comply with the EPTL, alleging that the trial court should have awarded limited (not general) letters of administration in recognition of the interests of decedent’s three minor children, which would have precluded plaintiff from
 
 *976
 
 settling on behalf of the children. Supreme Court denied the motion, concluding that the court, misled by plaintiffs petition declaring that she was the sole interested party, had found the settlement adequate in light of the facts known at the time. The Appellate Division affirmed Supreme Court’s order (150 AD2d 678).
 

 On April 28, 1987, plaintiff commenced this action against defendant attorneys in Supreme Court, New York County, seeking damages for legal malpractice and fraud in connection with the Nassau County settlement. Supreme Court dismissed the complaint, concluding that plaintiff was collaterally es-topped from challenging the adequacy of the settlement on the ground that the settlement had been found adequate in the Nassau County action, precluding a finding of legal malpractice against plaintiffs attorneys. The Appellate Division affirmed,
 
 *
 
 and this Court granted leave to appeal.
 

 At issue is application of the settled doctrine of collateral estoppel, which bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination
 
 (see, D’Arata v New York Cent. Mut. Fire Ins. Co.,
 
 76 NY2d 659, 664;
 
 Ryan v New York Tel. Co.,
 
 62 NY2d 494, 500-501). "What is controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding”
 
 (Ryan v New York Tel. Co.,
 
 62 NY2d, at 500,
 
 supra).
 
 That doctrine was erroneously applied here.
 

 In the prior action to vacate the settlement, the sole issue necessarily decided was that — as between plaintiff and the settling defendants (the premises owner and decedent’s employer) — there was no fraud, collusion, mistake or accident to vitiate the settlement
 
 (see, Hallock v State of New York,
 
 64 NY2d 224, 230). At issue in the current action for legal malpractice, by contrast, is whether defendant attorneys were negligent in their representation of plaintiff. Because there is no identity of issue, plaintiff is not collaterally estopped in this action. Moreover, as neither the adequacy of the settlement nor plaintiffs role in prosecuting the action was in issue in the first action, the findings that the previous court was "satisfied with the amount of the settlement” and that
 
 *977
 
 "[pjlaintiff, herself, created the situation which caused the misunderstanding in relation to her ability to settle the action for her children” are not entitled to preclusive effect.
 

 We reject defendants’ alternative claim that this action is untimely, as it was commenced within three years of November 21, 1985, until which time there is at least a question of fact as to whether defendants continued to represent plaintiff in connection with this matter
 
 (see,
 
 CPLR 214 [6];
 
 Santulli v Englert, Reilly & McHugh
 
 78 NY2d 700, 707-709;
 
 Glamm v Allen,
 
 57 NY2d 87, 93-94). Finally, we agree with the conclusions of the courts below that plaintiff failed to demonstrate privity of contract between her minor children and defendant attorneys, warranting dismissal of their legal malpractice claims
 
 (see, Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,
 
 80 NY2d 377, 382-385,
 
 rearg denied
 
 81 NY2d 955), and that plaintiff failed to allege an attorney-client relationship between herself and defendants Iovino and Bondi & Iovino sufficient to raise a triable issue of fact, warranting dismissal of the complaint as against them. Plaintiff’s fraud claim was properly dismissed, as an attorney’s failure to disclose malpractice does not give rise to a fraud claim separate from the customary malpractice action
 
 (see, Simcuski v Saeli,
 
 44 NY2d 442, 451-452).
 

 Chief Judge Kaye and Judges Simons, Titone, Bet.t.acosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order modified, etc.
 

 *
 

 No appeal was taken from Supreme Court’s dismissal of the complaint as against the premises owner, decedent’s employer and their insurers, originally named defendants.