■ TAL-SPONS CORP. et al., Respondents, v RONALD L. NURNBERG et al., Appellants. [623 NYS2d 604] —In an action to recover damages for legal malpractice and breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Saladino, J.), entered September 7, 1993, which denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the action as time-barred.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs, as sellers, retained the defendant attorneys to

draft a contract of sale of real estate, which the plaintiffs allege was to contain a 180-day time limitation for both bond financing and cash purchase options. The contract of sale was executed on February 2, 1982. After 180 days, the plaintiffs took the position that the contract had terminated. The prospective purchasers, however, took the position that the 180-day time limit did not apply to the all-cash option. In 1983, they sued the plaintiffs for specific performance on the ground that they were ready, willing, and able to exercise the all-cash option.

Also in 1983, the defendant Joseph Nurnberg sued the plaintiffs Abraham J. Rodolitz and Anna Rodolitz to recover legal fees due for services in an unrelated matter, and in 1984 a judgment was entered in that action in favor of Nurnberg for the principal sum of $250,000. Thereafter, on or about December 27, 1985, the plaintiffs commenced an action against the defendants to recover damages for legal malpractice allegedly arising out of the defendants' failure to reduce to writing the plaintiffs' agreement with the real estate broker who introduced them to the prospective purchasers. The plaintiffs assert that despite this history of litigation between the parties, the defendants' representation of them continued, since the defendant Ronald L. Nurnberg "continued consultations" with the plaintiffs with respect to their defense of the specific performance action.

By judgment dated May 21, 1990, the prospective purchasers prevailed against the plaintiffs in the action for specific performance, and that determination was upheld by this Court on November 16, 1992 (see, Exclusive Envelope Corp. v Tal-Spons Corp., 187 AD2d 556). The instant action to recover damages for legal malpractice and breach of contract based upon the allegedly negligent drafting of the real estate contract executed in February 1982 was commenced in 1993.

The law is well-settled that an action to recover damages for legal malpractice accrues when the malpractice is committed (see, Glamm v Allen, 57 NY2d 87; Anderson Co. v Devine, 202 AD2d 382; Johnston v Raskin, 193 AD2d 786, 787; Pittelli v Schulman, 128 AD2d 600). Similarly, a cause of action to recover damages for breach of contract accrues when the breach occurs (see, Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402). Pursuant to the continuous representation theory, the Statute of Limitations for causes of action sounding in legal malpractice is tolled until the attorney's ongoing representation of the plaintiff in connection with the matter in question is completed (see, Weiss v Manfredi, 83 NY2d 974;

*Glamm v Allen, supra,* at 94; *Johnston v Raskin, supra; see also, Siegel v Kranis,* 29 AD2d 477).

In the instant case, in light of the history of litigation between the parties, it is clear that the defendants' ongoing representation of the plaintiffs terminated more than seven years before the instant action was commenced. The defendant Ronald L. Nurnberg's consultations with the plaintiffs and their new attorneys regarding pending litigation over the meaning of the contract drafted by him cannot be equated with ongoing representation *(see, Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505, 506-507).

The plaintiffs' assertion that their causes of action only accrued when their damages were adjudicated is legally unsupportable *(see, Ackerman v Price Waterhouse,* 84 NY2d 535).

Accordingly, the instant action is time-barred *(see, Santulli v Englert, Reilly & McHugh,* 78 NY2d 700). Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.