■ GEORGE H. BOYD, as Executor of the Estate of CATHERINE M. BOYD, Deceased, Appellant, v GERING, GROSS & GROSS et al., Respondents. [641 NYS2d 108] —In an action to recover damages, *inter alia,* for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), entered February 24, 1995, which, *inter alia,* granted the defendant's cross motion to dismiss the action as time-barred.

Ordered that the order is affirmed, with costs.

The law is well settled that an action to recover damages for legal malpractice accrues when the malpractice is committed (*see, Glamm v Allen,* 57 NY2d 87; *Tal-Spons Corp. v Nurnberg,* 213 AD2d 395; *Johnston v Raskin,* 193 AD2d 786). Similarly, a cause of action to recover damages for breach of contract accrues when the breach occurs (*see, Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402; *Tal-Spons Corp. v Nurnberg, supra*). Pursuant to the "continuous representation" theory, the Statute of Limitations for causes of action sounding in legal malpractice is tolled until the attorney's ongoing representation in question is completed (*see, Weiss v Manfredi,* 83 NY2d 974; *Glamm v Allen, supra; Johnston v Raskin, supra; see also, Siegel v Kranis,* 29 AD2d 477). In this case, the Supreme Court properly dismissed the cause of action alleging legal malpractice and breach of contract since the action was commenced approximately 12 years after the conclusion of any legal representation by the defendants. The fact that the plaintiff's decedent, who had retained the defendants, was ignorant of the alleged wrong does not impact upon when the causes of action accrued (*see, Ely-Cruikshank Co. v Bank of Montreal, supra*).

Additionally, the plaintiff's causes of action to recover damages for fraud and deceit must be dismissed since an attorney's failure to disclose malpractice does not give rise to such claims separate from the underlying malpractice cause of action *(see, Weiss v Manfredi, supra).*

We have considered the plaintiff's remaining contentions and find they are without merit. Miller, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.