■ IRENE K. FRISCHHUT, Appellant, v LAVERNE, SORTINO, HANKS & LUSTIG, et al., Respondents. [646 NYS2d 869] —In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered June 15, 1995, which, upon an order of the same court dated May 5, 1995, which upon reargument (1) granted the branch of the defendants' motion which was for summary judgment dismissing the plaintiff's second cause of action and (2) adhered to so much of the prior determination made in an order dated January 5, 1995, granting the branch of the defendants' motion which was for summary judgment dismissing the plaintiff's first cause of action, is in favor of the defendants and against her dismissing the complaint. The plaintiff's notice of appeal from the order dated May 5, 1995, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

Beginning in March 1983, the defendant Anthony M. Sortino represented the plaintiff during negotiations with her former husband for a separation agreement. The separation agreement was fully signed by September 23, 1983. One of the provisions of the agreement required the former husband to execute an irrevocable beneficiary designation naming the plaintiff the first beneficiary of two-thirds of a life insurance policy. In April 1984, the attorneys for the plaintiff's former husband sent Sortino the consent form to convert the separation to a divorce. Sortino forwarded the consent to the plaintiff, but she never signed it. By November 19, 1984, the attorney for the former husband was corresponding directly with the plaintiff. The plaintiff then sent the former husband's attorney a consent form which she executed on November 29, 1984. The judgment of divorce was dated February 22, 1985. The former husband died on October 7, 1990. The plaintiff then recontacted Sortino to collect on the policy. Sortino discovered that the former husband never executed the proper beneficiary designation. Instead of receiving a two-thirds share of the policy proceeds alone, the plaintiff shared that two-thirds of the policy proceeds with her children.

On or about September 25, 1992, the plaintiff commenced this action to recover damages for legal malpractice and breach of contract. The defendants concede that the appropriate Statute of Limitations is six years *(see,* CPLR 213). Contrary to the plaintiff's contention, these causes of action accrued at the time of the breach *(see, Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402-403; *Tal-Spons Corp. v Nurnberg,* 213 AD2d 395) or the malpractice *(see, Ackerman v Price Waterhouse,* 84 NY2d 535, 541; *Tal-Spons Corp. v Nurnberg, supra,* at 396). We agree with the Supreme Court that the breach and the malpractice, if any, occurred on November 29, 1984. Since a divorce pursuant to a separation agreement requires "satisfactory proof" that the agreement has been "substantially performed", the logical moment of the alleged breach or malpractice was the time the plaintiff submitted her consent to the divorce at which time substantial compliance should have been verified (Domestic Relations Law § 170 [6]). Substantial compliance in this case would have required a verification that a proper beneficiary designation was executed. Thus, these causes of action accrued no later than November 29, 1984.

The plaintiff apparently decided to proceed on the divorce *pro se,* thereby severing the attorney/client relationship. This deprived her of the benefit of the doctrine of continuous repre-

sentation *(see, Tal-Spons Corp. v Nurnberg, supra,* at 396; *Anderson Co. v Devine,* 202 AD2d 382). Thus, the trial court properly granted the defendants' motion for summary judgment, dismissing both causes of action on Statute of Limitations grounds. Rosenblatt, J. P., Pizzuto, Santucci and Joy, JJ., concur.