■ PHILIP KURITZKY et al., Respondents, v SIRLIN & SIRLIN, Appellant. [647 NYS2d 806] —In an action, *inter alia,* to recover damages for legal malpractice, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated May 17, 1995, as denied its motion for summary judgment dismissing the complaint on the ground that the action is time barred.

Ordered that the order is modified, on the law, by adding a provision thereto granting summary judgment to the plaintiffs dismissing the defendant's first affirmative defense based on the Statute of Limitations; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The Supreme Court acted properly in denying the defendant's motion for summary judgment dismissing the action as time barred. The malpractice claim accrued in 1983 when the

defendant committed errors in drafting a lease extension agreement between the plaintiffs, as landlord, and their commercial tenant *(see, Glamm v Allen,* 57 NY2d 87; *Boyd v Gering, Gross & Gross,* 226 AD2d 489; *Tal-Spons Corp. v Nurnberg,* 213 AD2d 395; *Anderson Co. v Devine,* 202 AD2d 382). Contrary to the defendant's contention, the record demonstrates that the applicable limitations period *(see, Santulli v Englert, Reilly & McHugh,* 78 NY2d 700; *Padilla v New York City Tr. Auth.,* 184 AD2d 760) was tolled between the accrual of the claim and the discovery of the malpractice in 1990, since the defendant continuously represented the plaintiffs during that period by performing legal services related to the matter out of which the malpractice claim arose *(see, Weiss v Manfredi,* 83 NY2d 974; *Glamm v Allen, supra; Greene v Greene,* 56 NY2d 86; *Burrowes v Caruso, Spillane, Contrastano & Ulaner,* 203 AD2d 228; *Bass & Ullman v Chanes,* 185 AD2d 750; *Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505). Indeed, the defendant, acting as the plaintiffs' legal counsel, repeatedly sought to enforce the tenant's obligations under the terms of the lease and the lease extension agreement, and on at least two occasions advised the tenant of rent increases mandated by the extension agreement. In connection with these efforts, the defendant also sent a copy of the faulty extension agreement to the plaintiffs for the purpose of forwarding it to the tenant. Once the drafting errors were discovered in 1990, the defendant engaged in litigation on behalf of the plaintiffs to correct the errors. The litigation ultimately proved unsuccessful in 1993. Accordingly, the plaintiffs' commencement of the malpractice action later that year was timely, inasmuch as there was a relationship of "continuing trust and confidence" between the parties during which the defendant performed related services in connection with the matter, eventually including "an attempt * * * to rectify [the] alleged act of malpractice" *(Luk Lamellen U. Kupplungbau GmbH v Lerner, supra,* at 506-507). Hence, upon searching the record *(see,* CPLR 3212 [b]; *Grimaldi v Pagan,* 135 AD2d 496), we grant summary judgment in favor of the plaintiffs dismissing the Statute of Limitations defense.

The parties' respective challenges to the adequacy of the papers submitted in connection with the motion for summary judgment·are unavailing *(see, Olan v Farrell Lines,* 64 NY2d 1092), as is the defendant's "law of the case" contention. Furthermore, we decline to impose sanctions upon either party on this record *(see,* 22 NYCRR subpart 130-1).

The defendant's remaining issues are improperly raised for

the first time on appeal *(see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757; *Nelson v Times Sq. Stores Corp.,* 110 AD2d 691) and, in any event, are without merit. Miller, J. P., Altman, Hart and McGinity, JJ., concur.