■ GARDEN CITY IMAGING CENTER et al., Appellants, v LAWRENCE AND WALSH, P. C., et al., Respondents. [651 NYS2d 569] —In an action, *inter alia,* to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Kohn, J.), dated March 28, 1996, which granted the defendants' motion to dismiss the complaint upon the ground that it is barred by the Statute of Limitations and denied the plaintiffs' cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed, with costs.

The law is well settled that an action to recover damages for legal malpractice accrues when the malpractice is committed (*see, Glamm v Allen,* 57 NY2d 87; *Tal-Spons Corp. v Nurnberg,* 213 AD2d 395; *Johnston v Raskin,* 193 AD2d 786). Similarly, a cause of action to recover damages for breach of contract accrues when the breach occurs (*see, Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402; *Tal-Spons Corp. v Nurnberg,*

*supra*). Pursuant to the "continuous representation" doctrine, the Statute of Limitations for causes of action sounding in legal malpractice is tolled until the attorney's ongoing representation in question is completed (*see, Weiss v Manfredi,* 83 NY2d 974; *Glamm v Allen, supra; Johnston v Raskin, supra*). Here, the Supreme Court properly dismissed the causes of action alleging legal malpractice and breach of contract as the action was commenced approximately 10 years after the conclusion of the representation in question (*see, Estate of Boyd v Gering, Gross & Gross,* 226 AD2d 489; *Gristede v Morris & McVeigh,* 192 AD2d 424).

Additionally, the Supreme Court properly denied the plaintiffs' cross motion for leave to amend the complaint to assert a cause of action for rescission as that claim was also barred by the Statute of Limitations (*see, Reuter v Haag,* 224 AD2d 603). Sullivan, J. P., Santucci, Krausman and Florio, JJ., concur.