■ Julio Goicoechea, Appellant, v Law Offices of Stephen R. Kihl et al., Defendants, and Stuart R. Kramer, Respondent. [651 NYS2d 198] —In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated November 15, 1995, as granted the defendant Stuart R. Kramer's motion for summary judgment dismissing the complaint as to him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The law is well settled that an action to recover damages for legal malpractice accrues when the malpractice is committed (*see, Glamm v Allen*, 57 NY2d 87, 93; *Boyd v Gering, Gross & Gross*, 226 AD2d 489; *Tal-Spons Corp. v Nurnberg*, 213 AD2d 395, 396). "What is important is when the malpractice was committed, not when the client discovered it" (*Glamm v Allen, supra*, at 95). Similarly, a cause of action to recover damages for breach of contract accrues when the breach occurs (*see, Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402; *Boyd v Gering, Gross & Gross, supra; Tal-Spons Corp. v Nurnberg, supra*). Here, both causes of action accrued in 1983, when, after having been retained by the plaintiff, the defendant Stuart R. Kramer failed to commence an action to recover damages for personal injuries sustained by the plaintiff in a 1980 automobile accident.

Pursuant to the continuous representation theory, the Statute of Limitations for causes of action sounding in legal malpractice is tolled until the attorney's ongoing representation in question is completed (*see, Weiss v Manfredi*, 83 NY2d 974; *Glamm v Allen*, 57 NY2d 87, *supra; Boorman v Bleakley, Platt, Schmidt, Hart & Fritz*, 88 AD2d 942). However, the application of the continuous representation doctrine is limited to situations in which the attorney who allegedly was responsible for the malpractice continues to represent the client in that case (*see, Glamm v Allen, supra*, at 94). "When that relationship ends, for whatever reason, the purpose for applying the continuous representation rule no longer exists" (*Glamm v Allen, supra*, at 94). Pursuant to Judiciary Law § 90 (4), upon his conviction of a felony in 1986, Kramer ceased to be an attorney and counselor-at-law in this State (*see, Matter of Kramer*, 120 AD2d 299). Thereafter, by order of this Court dated December 1, 1986, Kramer was disbarred and his name was stricken from the roll of attorneys and counselors-at-law (*see, Matter of Kramer, supra*). Thus, Kramer's representation of the plaintiff in the underlying personal injury action and the toll imposed under the rule of continuous representation necessarily ended upon Kramer's disbarment since, by operation of law, he ceased to be an attorney at that time (*cf., Glamm v Allen*, 57 NY2d 87, *supra*). Accordingly, this action alleging legal malpractice and breach of contract, which was commenced in 1993, was properly dismissed as time-barred as to Kramer.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.