■ DAVID SHUMSKY et al., Respondents, v PAUL EISENSTEIN, Appellant. [704 NYS2d 113] —In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Westchester County (Colabella, J.), dated November 25, 1998, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs retained the defendant, an attorney, to commence an action against Charles Fleisher arising out of Fleisher's inspection of a house purchased by the plaintiffs. The defendant, however, failed to commence the action before the Statute of Limitations expired in March 1994. In December

1997, the plaintiffs commenced this action to recover damages for legal malpractice. The defendant moved for summary judgment dismissing the instant action on the ground that it was barred by the Statute of Limitations. The Supreme Court denied the motion. We reverse.

The plaintiffs' cause of action against the defendant accrued in March 1994 when the alleged malpractice was committed (*see, Glamm v Allen,* 57 NY2d 87, 93; *Goicoechea v Law Offs.,* 234 AD2d 507, 508; *Tal-Spons Corp. v Nurnberg,* 213 AD2d 395). The instant action is therefore untimely, unless the continuous representation doctrine applies to toll the applicable three-year Statute of Limitations (*see,* CPLR 214 [6]). "Pursuant to the continuous representation theory, the Statute of Limitations for causes of action sounding in legal malpractice is tolled until the attorney's ongoing representation in question is completed * * * However, the application of the continuous representation doctrine is limited to situations in which the attorney who allegedly was responsible for the malpractice continues to represent the client in that case * * * 'When that relationship ends, for whatever reason, the purpose for applying the continuous representation rule no longer exists' " (*Goicoechea v Law Offs., supra,* at 508, quoting *Glamm v Allen, supra,* at 94; *see, Tal-Spons Corp. v Nurnberg, supra*).

The defendant's failure to take action necessary to protect the plaintiffs' interests does not, itself constitute a course of representation (*see, Ashmead v Groper,* 251 AD2d 716, 717). Further, after the Statute of Limitations expired on the plaintiffs' claim against Fleisher, the defendant "did nothing to foster the impression or to lull [the] plaintiff into believing that the action [against Fleisher] was proceeding", and "there was no continuity in the parties' relationship" (*Muller v Sturman,* 79 AD2d 482, 486). Thus, the continuous representation doctrine does not apply to toll the Statute of Limitations. Joy, J. P., S. Miller, Friedmann and Florio, JJ., concur.