■ TIFFANY GENERAL HOLDING CORP. et al., Appellants, v SPENO, GOLDBERG, STEINGART & PENN, P. C., et al., Respondents, et al., Defendant. [717 NYS2d 612] —In an action, *inter alia,* to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Winslow, J.), dated June 21, 1999, which granted the motion of the defendants Speno, Goldberg, Steingart & Penn, P. C., Edward Frey, and Matthew B. King, to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the first cause of action insofar as asserted by the plaintiff Melnic Realty Corp. for failure to state a cause of action, and substituting therefor a provision denying that

branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the first cause of action insofar as asserted by the plaintiff Melnic Realty Corp. is reinstated against the respondents.

Six of the seven plaintiffs in this action are corporations or limited partnerships which were formed to acquire and rehabilitate residential apartment buildings in Manhattan and the Bronx. In 1993 the corporate and partnership plaintiffs retained the defendant Speno, Goldberg, Steingart & Penn, P. C. (hereinafter the law firm) to represent their interests in foreclosure actions which had been commenced by the Federal Home Loan Mortgage Association, and in various bankruptcy proceedings. In late 1993 and early 1994 the law firm entered into a series of stipulations in the foreclosure actions in which the plaintiffs consented to the entry of judgments of foreclosure in exchange for additional time for the corporations and partnerships to cure their defaults. On March 23, 1998, the plaintiffs commenced this action against the defendants seeking damages, *inter alia,* for legal malpractice. The gravamen of the plaintiffs' claims against the law firm was that it had entered into the stipulations without authorization, and had negligently consented to terms which included the lifting of bankruptcy stays, payment of inflated arrears, appointment of receivers, and the entry of judgments of foreclosure. The law firm and the individual defendants Edward Frey and Matthew B. King subsequently moved to dismiss the action, contending that the plaintiffs' claims were either time-barred by the applicable Statute of Limitations, or did not state a cause of action. The Supreme Court granted the defendants' motion in its entirety, finding, *inter alia,* that the claims asserted by the individual plaintiff to this action, and five of the corporations and limited partnerships, were barred by the three-year Statute of Limitations for legal malpractice. The court also found that while the legal malpractice claim filed on behalf of the plaintiff Melnic Realty Corp. (hereinafter Melnic) might not be time-barred, it failed to state a cause of action.

On appeal, the plaintiffs contend that the Supreme Court erred in determining that certain of the legal malpractice causes of action were time-barred. The plaintiffs argue that the continuous representation doctrine tolled the Statute of Limitations until March 23, 1995, when a bankruptcy proceeding filed on behalf of Melnic was dismissed. We disagree. In legal malpractice actions, the application of the continuous representation rule is "limited to situations in which the attorney who allegedly was responsible for the malpractice continues to

represent the client in that case. When that relationship ends, for whatever reason, the purpose for applying the continuous representation rule no longer exists" (*Glamm v Allen,* 57 NY2d 87, 94; *see, Shumsky v Eisenstein,* 270 AD2d 245; *Goicoechea v Law Offs. of Stephen R. Kihl,* 234 AD2d 507). Here, the record demonstrates that the law firm concluded its representation of the individual plaintiff and five of the plaintiff corporations and limited partnerships in various foreclosure actions and bankruptcy proceedings more than three years before the commencement of this action. Although the law firm remained counsel of record to Melnic until the dismissal of the bankruptcy proceeding, its representation of Melnic cannot be imputed to the other plaintiffs for purposes of invoking the continuous representation toll. Accordingly, we find that the Supreme Court properly dismissed the causes of action sounding in legal malpractice asserted by six of the plaintiffs on the ground that they were barred by the Statute of Limitations.

We disagree, however, with the Supreme Court's conclusion that the cause of action based on legal malpractice asserted by Melnic fails to state a cause of action. It is well settled that in considering a motion to dismiss a claim for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must accept the allegations set forth in the complaint as true, and give them the benefit of every favorable inference (*see, Cron v Hargro Fabrics,* 91 NY2d 362; *Guggenheimer v Ginzburg,* 43 NY2d 268). Viewed from this perspective, we find that the first cause of action set forth in the complaint is sufficient to state a cause of action to recover damages for legal malpractice on behalf of Melnic (*see, Mecca v Shang,* 258 AD2d 569; *Scheller v Martabano,* 177 AD2d 690). We further note that while the defendants allege that Melnic did not sustain any damages as a result of the alleged malpractice because Melnic transferred its ownership of a building located on West 159th Street to the plaintiff 528-538 W. 159th Street, L.P., in June 1992, the bankruptcy petition which the defendants filed on behalf of Melnic in September 1993 stated that Melnic retained an equity interest in this property.

The plaintiffs' remaining contentions are without merit. Santucci, J. P., Sullivan, Altman and Krausman, JJ., concur.