Maria Piliero, Appellant, v Adler & Stavros et al., Respondents. [723 NYS2d 91] —In an action to recover damages for legal malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Posner, J.), dated June 6, 2000, as granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (5) which was to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

An action to recover damages for legal malpractice accrues when the malpractice is committed (*see, Glamm v Allen,* 57

NY2d 87; *Goicoechea v Law Offs. of Stephen R. Kihl,* 234 AD2d 507; *Garden City Imaging Ctr. v Lawrence & Walsh,* 234 AD2d 414; *Tal-Spons Corp. v Nurnberg,* 213 AD2d 395). Pursuant to the continuous representation doctrine, the Statute of Limitations for causes of action sounding in legal malpractice is tolled until the attorney's ongoing representation concerning the matter out of which the claim arises is completed (*see, Weiss v Manfredi,* 83 NY2d 974; *Shumsky v Eisenstein,* 270 AD2d 245). For the doctrine to apply, there must be "clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney often involving an attempt by the attorney to rectify an alleged act of malpractice" (*Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505, 506-507; *see, Pittelli v Schulman,* 128 AD2d 600, 601). One of the predicates is the client's continuing trust and confidence (*see, Coyne v Bersani,* 61 NY2d 939; *Aaron v Roemer, Wallens & Mineaux,* 272 AD2d 752, 755; *Pittelli v Schulman, supra,* at 601).

In this case, the relationship necessary to invoke the continuous representation rule ceased to exist when the plaintiff retained new counsel on November 27, 1995, and requested by letter dated December 15, 1995, that the defendants take no further action on the matter in question. The mere fact that the defendants did not sign a stipulation formally substituting incoming counsel as attorneys for the plaintiff until September 26, 1996, does not establish that the representation was continuous until that date (*see, Aaron v Roemer, Wallens & Mineaux, supra; Pittelli v Schulman, supra*). Accordingly, the Supreme Court properly dismissed the complaint as the action was commenced over 3½ years after the conclusion of the representation (*see,* CPLR 214 [6]; *Kahn v Hart,* 270 AD2d 231). O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.