■ DIANE R. GUTIERREZ et al., Plaintiffs, v CNS RECYCLING, INC., et al., Respondents, FRANCO VERBANAC et al., Appellants, et al., Defendant. (Action No. 1.) DORIS PACAK, Plaintiff, v QUEENS SURFACE CORP. et al., Appellants, CNS RECYCLING, INC., et al., Respondents, et al., Defendants. (Action No. 2.) [726 NYS2d 460] —In related actions to recover damages for personal injuries, the defendants Franco Verbanc and Queens Surface

Corp. appeal from an order of the Supreme Court, Queens County (Milano, J.), dated June 14, 2000, which denied their motion for summary judgment on their cross claims for indemnification against the defendants CNS Recycling, Inc., and Guyrn Hyde.

Ordered that the order is affirmed, with costs.

The parties in these actions were involved in a multiple-car collision on the Long Island Expressway. Prior to the commencement of the actions, the defendant Franco Verbanac commenced a separate personal injury action against the defendant CNS Recycling, Inc. Verbanac was granted summary judgment on the issue of liability in that action, and CNS Recycling, Inc., subsequently settled the case with him. In the present actions, the appellants seek summary judgment on their cross claims for indemnification against the respondents, asserting that under the doctrines of res judicata and collateral estoppel, the prior order bars the respondents from litigating their liability.

The Supreme Court correctly denied the motion. The issue of the appellants' liability to the plaintiffs was not before the court in Verbanac's prior action against CNS Recycling, Inc. Therefore, the doctrines of res judicata and collateral estoppel do not bar litigation of the appellants' cross claims for indemnification against the respondents (*see, Weiss v Manfredi,* 83 NY2d 974, 976). Santucci, J. P., Goldstein, H. Miller and Crane, JJ., concur.