**ICC CHEMICAL CORPORATION,**
Plaintiff–Appellant,

v.

**TCL INDUSTRIES (MALAYSIA)**
**SDN, Defendant–Appellee.**

No. 06–1393–cv.

United States Court of Appeals,
Second Circuit.

Nov. 21, 2006.

Robert J. Basil, Collier & Basil, P.C., New York, New York, for Appellant.

Jack A. Pawa, Rivelis, Pawa & Blum, LLP, New York, New York, for Appellee.

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant ICC Chemical Corporation ("ICC") appeals from the March 2, 2006, judgment (as amended on March 14, 2006) of the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge*) granting defendant-appellee TCL Industries (Malaysia) SDN's ("TCL") motion to dismiss ICC's complaint.

In 2003, ICC negotiated the sale of 3,000 metric tons of benzene to TCL and sent TCL a standard form purchase agreement, which provided for arbitration in New York under New York law. Of import here, when TCL returned the signed agreement, it altered the arbitration provision as to the choice of law and venue. The parties proceeded to perform the contract, but a dispute eventually arose regarding ICC's inability to deliver 1,100 tons of the benzene promised. Thereafter, TCL commenced a suit in the Singapore High Court ("Singapore Court"), claiming that ICC breached the 2003 contract and

seeking damages therefrom. In response, ICC lodged an objection with the Registrar's Office of the Singapore Court,* arguing, *inter alia*, that the Singapore Court lacked subject matter jurisdiction over the action because the parties agreed to arbitrate any dispute in New York. The Singapore Court rejected ICC's contention, finding that the parties made no such agreement. Though it was presented the opportunity, ICC did not appeal this determination.

After participating in the six day trial in Singapore that followed, ICC filed the present action seeking declaratory relief to the effect that any judgment rendered by the Singapore Court is void *ab initio* and not subject to recognition in New York pursuant to N.Y. C.P.L.R. 5304(b)(1), (6) on the basis that the Singapore Court lacked subject matter jurisdiction over TCL's suit. The district court dismissed the action, concluding that it "was not in a position" to reverse or set aside the Singapore Court's specific finding that grounded its rejection of ICC's jurisdictional argument—i.e., that the parties never agreed to arbitrate in New York. On appeal, ICC argues this holding was in error, contending that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention")—implemented by the United States Arbitration Act, 9 U.S.C. §§ 201–08—and N.Y. C.P.L.R. 5304(b) provide the district court a jurisdictional basis to collaterally review the Singapore Court's arbitrability determination. We assume the parties' familiarity with the balance of facts, procedural history, and specification of issues on appeal.

█ We are satisfied that dismissal of ICC's complaint was proper. Central to

---

* Apparently ICC filed with the Registrar's Office a motion known as a "Summons–In–Chambers." While the parties describe what procedures were followed differently, they do not contend these differences are material. For ease of understanding, this order refers to the Registrar's decision as that of the Singapore Court.

ICC's position is its claim that the Singapore Court lacked subject matter jurisdiction over the *merits* of TCL's suit. But ICC does not dispute that the Singapore Court had subject matter jurisdiction to rule on the threshold question of whether ICC and TCL actually agreed to arbitrate in New York. We conclude that the Singapore Court's determination on that issue invalidates ICC's argument.

 Assuming, without holding, that the Convention provides a jurisdictional basis for ICC to collaterally challenge the Singapore Court's arbitrability determination, we find it proper to grant preclusive effect to the Singapore Court's finding as a matter of comity. *See Diorinou v. Mezitis,* 237 F.3d 133, 139 (2d Cir.2001) (explaining that when a domestic court accepts the adjudication of a foreign tribunal on a particular issue, it does so as a matter of comity). The decision of whether to extend comity to a foreign court's adjudication often entails thorough consideration of the fairness of the foreign court's adjudicating system. *See id.* at 142–43(discussing factors used in determining whether to extend preclusive effect to a foreign court's determination); *Victrix Steamship Co. v. Salen Dry Cargo A.B.,* 825 F.2d 709, 713 (2d Cir.1987) (noting that comity generally prevails if the foreign court had proper jurisdiction and enforcement does not prejudice the rights of United States citizens or violate domestic public policy). But protracted discussion on that score is not necessary here because it is undisputed that ICC had the opportunity to fully and fairly litigate the arbitrability issue before the Singapore Court. Moreover, ICC had the opportunity to appeal the Singapore Court's adverse decision but failed to do so. ICC now seeks a second bite at the apple. Comity is warranted under these circumstances.

 We are also confident that, in the event the Singapore Court renders a money judgment against ICC,** a New York court would not deny it recognition on the basis posited by ICC. First, N.Y. C.P.L.R. 5304(b)(6) is of no aid to ICC because, as discussed above, the Singapore Court determined that there was no agreement to arbitrate in New York. *See Weiss v. Manfredi,* 83 N.Y.2d 974, 976, 616 N.Y.S.2d 325, 639 N.E.2d 1122 (1994) (detailing factors to be considered when applying principles of issue preclusion); *Greschler v. Greschler,* 51 N.Y.2d 368, 376, 434 N.Y.S.2d 194, 414 N.E.2d 694 (1980) (detailing factors to be considered when extending comity to a foreign court judgment). Second, there is no subject matter jurisdiction impediment present such that 5304(b)(1) would work to deny recognition to a money judgment from the Singapore Court. The Singapore Court plainly had subject matter jurisdiction to decide whether the parties agreed to arbitrate in New York, and the Singapore Court's finding on that issue, which is entitled to comity, answers ICC's attack on its jurisdiction over the merits of TCL's suit.

We have reviewed ICC's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the District Court for the Southern District of New York is hereby **AFFIRMED.**

---

** During the pendency of this appeal, the Singapore Court reached a conclusion on liability; it found that ICC breached the 2003 contract.

The issue of damages is still under consideration.