### OFFSHORE EXPRESS, INC., Plaintiff–Appellant,

v.

### MILBANK, TWEED, HADLEY & McCLOY, LLP, Defendant–Appellee.

#### No. 07–1974–cv.

United States Court of Appeals, Second Circuit.

Aug. 20, 2008.

David R. Hornig, (Kevin J.B. O'Malley, on the brief), Nicoletti Hornig & Sweeney, New York, NY, for Appellant.

Michael L. Hirschfeld, (C. Neil Gray, on the brief), Milbank, Tweed, Hadley & McCloy, LLP, New York, NY, for Appellee.

Present: Hon. REENA RAGGI, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

#### SUMMARY ORDER

Plaintiff–Appellant Offshore Express, Inc. ("OEI") appeals from an order entered March 13, 2007, 2007 WL 760419, in the United States District Court for the Southern District of New York (Crotty, J.), granting partial summary judgment to Defendant Milbank, Tweed, Hadley & McCloy, LLP ("Milbank"), and dismissing OEI's malpractice claim as untimely.[1] We assume the parties' familiarity with the

---

1. To facilitate this appeal, the parties subsequently entered a stipulation of dismissal as to the remaining claims.

facts, the procedural context, and the specification of appellate issues.

For purposes of this appeal, OEI alleges that Milbank committed malpractice in negotiating a divisive reorganization of McAllister Towing and Transportation ("Old MT & T") into a successor corporation ("New MT & T") and OEI. In addition, Milbank subsequently represented OEI in an arbitration over the tax obligations of the two successor corporations as a result of that division. On appeal, OEI contends that what the district court considered two separate representations was actually one "continuous representation," for which the statute of limitations is tolled until the "ongoing representation is completed." *Glamm v. Allen*, 57 N.Y.2d 87, 94, 453 N.Y.S.2d 674, 439 N.E.2d 390 (1982).

The New York Court of Appeals has held that a continuous representation must be more than merely a continuing relationship between attorney and client. *See Shumsky v. Eisenstein*, 96 N.Y.2d 164, 168, 726 N.Y.S.2d 365, 750 N.E.2d 67 (2001). Rather, a representation is continuous for tolling purposes only where it "pertains specifically to the matter in which the attorney committed the alleged malpractice." *Id.* This requires a "mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim." *McCoy v. Feinman*, 99 N.Y.2d 295, 306, 755 N.Y.S.2d 693, 785 N.E.2d 714 (2002). Thus, New York courts have consistently held that an attorney's representation in litigation relating to a corporate transaction is only continuous with his or her representation with respect to that transaction if it was contemplated by the parties. *See, e.g., Deep v. Boies*, 53 A.D.3d 948, 951–52, 863 N.Y.S.2d 269 (3d Dep't 2008); *Goldman v. Akin, Gump, Strauss, Hauer & Feld, LLP*, 816 N.Y.S.2d 695, 2006 WL 940625 (Sup.Ct. N.Y. County 2006).

Here, Milbank was initially retained to "act as ... counsel in connection with the proposed division of the stock and assets of [Old MT & T]." Once that transaction was completed and closed, OEI's own principal testified that from his perspective, "apart from clearing up minor details ... the deal was finished and I went off on my own, apart from [New MT & T]." The tax dispute did not arise until several months later. At the time Milbank was retained, there was nothing to indicate a "mutual understanding" of the need for litigation representation.

Nor would the policy underlying the continuous representation doctrine be furthered by its application in this case. Both the New York Court of Appeals and this Court have recognized that the rule is premised on the fact that no person should be forced to "jeopardize his pending case or his relationship with the attorney handling that case during the period that the attorney continues to represent the person." *Glamm*, 57 N.Y.2d at 94, 453 N.Y.S.2d 674, 439 N.E.2d 390; *see also King v. Fox*, 418 F.3d 121, 133 (2d Cir. 2005). By the time that OEI concluded that Milbank had erred in negotiating the transaction, the transaction had been signed and closed. Quite simply, there was no "pending case" to "jeopardize." OEI made a decision to use Milbank in connection with the litigation, but it was free to hire any other attorney or any other law firm. Milbank's representation in the litigation was the product of its ongoing relationship with OEI, but not part of the same representation under the continuous representation doctrine.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.