Encalada v McCarthy, Chachanover & Rosado, LLP (2018 NY Slip Op 02434)





Encalada v McCarthy, Chachanover & Rosado, LLP


2018 NY Slip Op 02434


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Renwick, J.P., Mazzarelli, Kahn, Gesmer, Kern, JJ.


6247 303143/07

[*1]Jorge Encalada, Plaintiff-Appellant,
v
McCarthy, Chachanover & Rosado, LLP, Defendant-Respondent.


Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III, of counsel), for appellant.
Kaufman Dolowich & Voluck LLP, Woodbury (Brett A. Scher of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered January 25, 2017, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff was injured in an accident while working as an asbestos remover on March 31, 2001. Within a few days thereof, he reached out to defendant law firm for legal assistance. The parties dispute whether defendant law firm told plaintiff that it would represent him in all claims related to the accident. Defendant served as legal counsel for plaintiff in the related workers' compensation action until December 2004, when it withdrew as counsel. On November 27, 2007, plaintiff brought a legal malpractice action against defendant for failing to file a notice of claim within 30 days of the accident and failing to bring a personal injury lawsuit against municipal entities within 1 year and 90 days of the accident.
Defendant as movant met its prima facie burden on summary judgment by showing that plaintiff's legal malpractice case was untimely as it was not commenced within three years of the date of accrual of each legal malpractice claim (see CPLR 214[6]).
However, plaintiff raised a triable issue of fact with respect to whether the three-year statute of limitations was tolled under the continuous representation doctrine. Under the continuous representation doctrine, a person seeking professional assistance is placed in a difficult position if required to sue his or her attorney while the attorney continues to represent them on a particular legal matter (Shumsky v Eisenstein, 96 NY2d 164, 167-168 [2001]). Accordingly, the doctrine tolls the running of the statute of limitations on malpractice claims until the ongoing representation is completed (id.). However, the application of this doctrine is limited "to the course of representation concerning a specific legal matter," and is not applicable to the client's "continuing general relationship with a lawyer ... involving only routine contact for miscellaneous legal representation ... unrelated to the matter upon which the allegations of malpractice are predicated" (id. at 168). The record presents an issue of fact as to whether defendant continuously represented plaintiff in connection with a personal injury claim based on the accident, such as to toll the statute of limitations during that time (see Glamm v Allen, 57 NY2d 87, 94 [1982]; Waggoner v Caruso, 68 AD3d 1, 6-7 [1st Dept 2009]).
Finally, defendant's argument regarding the alleged contradiction in plaintiff's deposition testimony and affidavit is unavailing. Whether plaintiff's testimony about the initial conversation can support his malpractice claim is ultimately a credibility issue for the fact finder and not appropriate for resolution on summary judgment (see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]; Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK