In the Matter of the Estate of WILLIAM A. REDDING, Deceased.

Surrogate's Court, New York County, December 31, 1941.

*John R. Brook*, for the petitioner.

*Shearman & Sterling*, for the Chemical Bank and Trust Company, individually, and for George A. Bray, as administrator of Thomas K. Bray, deceased, respondents.

*Francis B. Sanford*, for the Chemical Bank and Trust Company, as executor, etc., of Fanny R. M. Hitchcock, deceased, respondent.

*John Hezekiah Levy*, attorney in person, respondent.

*Clarke & Allen*, for the New York Trust Company and Samuel H. Reynolds, as executors, etc., of Henry G. Ward, deceased, respondents.

DELEHANTY, S. In this accounting by a domiciliary executrix the principal question presented involves the validity of a claim filed by one Thomas K. Bray which is based upon the alleged liability of the deceased arising in relation to mortgage transactions affecting real property in Florida. Three of the items in the claim are based on guaranties by deceased of mortgage notes. The remaining item is based on deceased's execution personally of a mortgage note. All of the notes were secured by real estate in Florida. Those which were guaranteed only by deceased were executed by a corporation as maker and ran to another corporation as payee. Deceased subscribed on the back of each such note a statement in the following text: " In consideration of the sum of one ($1.00) dollar to me in hand paid, the receipt whereof is acknowledged, I hereby guarantee the ultimate payment of the foregoing notes and coupons." The corporate payee of the note executed a prior guaranty of it to which was attached the condition that such payee would have eighteen months from the maturity date to pay the principal amount due with interest. The notes were dated in 1926 and were extended to 1934 under agreements executed both by the payee-guarantor and by the deceased. By mesne assignments whatever rights exist on the notes are now vested in Thomas K. Bray, the claimant. Appropriate action in the Florida courts resulted in judgments of foreclosure of the mortgages securing the guaranteed notes and in the entry of deficiency judgments

against certain corporations which were involved in the transactions. In one of these actions neither deceased nor any representative of his estate was a party. In a second action Loretto M. Redding was listed as a defendant individually and as an executrix of deceased. She was not served with process in the State of Florida so far as the record shows and in the application for an order confirming the sale it was asked that no deficiency judgment be entered against her. The order made states that it is without prejudice to the rights of the plaintiff to bring suit against the executrix in any court of competent jurisdiction. Similar procedure was adopted in a third foreclosure action which related to a guaranteed note. The property referred to in the note signed by deceased individually was also foreclosed. In that foreclosure action the claimant made party defendant " Victor P. Griley, as administrator with the will annexed of the estate of William A. Redding, deceased." In the order confirming the sale no provision is made for a deficiency nor for any further action by the plaintiff, though the decree of foreclosure directed that if there be a deficiency the amount thereof should be reported to the court " for such further orders as to the court shall seem proper." The claim is supported only by proof of the proceedings had in the Florida court. The claim as already stated is comprised of the aggregate of the deficiencies found in the respective foreclosures.

The guaranty is asserted by the claimant to be a guaranty of payment and not of collection. The case of *First National Bank* v. *Jones* (219 N. Y. 312) is cited in support of this view. The case is not in point because in the guaranty there under consideration there were included also the words " full " and " prompt." Here the guaranty by deceased followed a guaranty by Miami Mortgage and Guaranty Company in which was a provision that the Mortgage Guaranty Company was to have an eighteen-month grace period for payment of principal. The nature of the transaction, the fact that it was a mortgage transaction, the location of the guaranty in position on the note and the general business background involved in such a transaction require the holding that the guaranty was one of collection merely. (*Hernandez* v. *Stilwell*, 7 Daly, 360.) There is here no showing of any effort to pursue the maker of the note and so on that ground the claims so far as based on the guaranteed notes should be dismissed.

But it is not necessary to rest the decision on any such ground. The statutes of the State of Florida are here controlling. At some date not shown in the record an ancillary administrator *c. t. a.* was appointed in Florida. Under the Florida statute (Florida Laws of 1933, chap. 16103, §§ 119, 120) there is direction

for the publication of a notice for claims by representatives of decedents' estates and also provision for a short statute of limitations against claimants. This latter text says: "No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and post office address of the claimant and shall be sworn to by the claimant, his agent or attorney and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; provided, however, that the lien of any duly recorded mortgage and the lien of any person in possession of personal property and the right to foreclose and enforce such mortgage or lien shall not be impaired or affected by failure to file claim or demand as hereinabove provided, but such failure shall bar the right to enforce any personal liability against the estate, and the claimant shall be limited to the enforcement of the mortgage or lien against the specific property so mortgaged or held. Nothing herein contained shall be construed to require any legatee, devisee or heir at law to file any claim for the share or interest in the estate to which he may be entitled." There is no showing here of the filing of any claim. There is no evidence that objectant made any effort to comply with the Florida statute or that any circumstance made such compliance impossible.

All matters connected with the performance of these Florida contracts are regulated by the law of Florida especially because they relate to Florida land. The remedy to be pursued and the rights under the mortgage note are all governed by the Florida law. (*Stumpf* v. *Hallahan*, 101 App. Div. 383; affd., 185 N. Y. 550.) The short Statute of Limitations under the Florida statute is an integral part of the contract and the failure to file the claim with the estate representative terminated the claimant's rights against the deceased. (*Apfelberg* v. *Lax*, 255 N. Y. 377; *Hutchinson* v. *Ward*, 192 id. 375; *Sea Grove Building & Loan Association* v. *Stockton*, 148 Penn. St. 146; 23 A. 1063.)

The judgment records are probably not probative at all in this State even if the defects just pointed out were not to be held conclusive against the claimant. (See analysis of the effect of a judgment against an administrator in a State other than the

domiciliary State in 3 A. L. R. 64. See, also, the analysis of the limitations on ancillary representatives in *Helme* v. *Buckelew*, 229 N. Y. 363, 371–373.)

For each of the reasons stated the claim of Thomas K. Bray is dismissed on the merits.

By separate application an attorney for one of the creditors of the estate sought fixation of his attorney's lien for services rendered in the prosecution of the claim in this court. The relief sought in such separate application is granted and the lien of the attorney as there prayed is held to be established. An order consolidating such separate proceeding with the accounting proceeding should be presented before the decree in the accounting proceeding is submitted.

The accounting executrix asks to have further fees allowed to her present attorney. She is entitled to a fair allowance for the total necessary legal work in the estate. Taking into account the services necessarily rendered herein, the court is of the view that an additional $500 is all that she is entitled to have allowed to her present attorney. No costs are to be taxed.

When the tax liability of the estate has been fixed and the order of consolidation signed a decree may be submitted settling the account.