Samuel M. Gold, J.
Motion by defendants Putnam Trust Company of Greenwich and Charles W. Pettengill, coexecutors under the will of Clarence L. Yon Egloffstein, deceased, for an order to dismiss the complaint as against them, pursuant to CPLR 3211 (subd. [a], pars. 1 and 5), is granted.
Initially, upon the decedent’s death, his will was duly admitted to probate by the Probate Judge of District of Greenwich, State of Connecticut. The moving defendants were duly qualified as coexecutors to said will and continue to act as such. Further, from the papers presently before the court, it is apparent that at all relevant times, the decedent was a resident domiciliary of Connecticut, and all of the assets of his estate are located there. Pursuant to the provisions of Connecticut General Statutes (§ 45-205), the Connecticut court entered an order on October 21, 1966, setting six months as the period under the aforesaid non-claim Connecticut statute within which all creditors of the estate were required to present and exhibit their claims. The moving defendants herein duly gave notice as provided by that order but plaintiff failed to make any claim. Thereafter, the Connecticut court duly entered a further order approving the list of creditors presented by the moving defendants. It does not include plaintiff, who had failed to make any timely claim.
*983 The applicable statute, Connecticut General Statutes (§ 45-205) provides in relevant part: “If any creditor fails to exhibit his claim within the time limited by such order, he shall be barred of his demand against such estate ’ ’. The Connecticut non-claim statute is a key and integral part of the policy for the full orderly and prompt administration of decedents’ estates in Connecticut which seeks to accomplish an aim beyond the normal general purpose of Statutes of Limitation, which is to avoid burdening the courts with stale claims. Further, the full faith and credit provisions of the United States Constitution (art. IV, § 1) are applicable herein. In Tilt v. Kelsey (207 U. S. 43) the court held that the determination by a sister State on matters affecting the estate or decedent found to have been domiciled within that jurisdiction must be given full faith and credit except that another jurisdiction may reinquire into the question of domicile. Riley v. New York Trust Co. (315 U. S. 343) relied upon by plaintiff, merely refers to the permissibility of a second determination on the issue of the decedent’s domicile and did not alter the basic holding in Tilt v. Kelsey (supra) which held that a similar non-claim statute is substantive and must be effectuated in a second State, particularly where, as in the instant action, orders have been entered limiting the time for the presentation of claims.
As to the question of choice of law raised by plaintiff in opposition to the instant motion, absent the full faith and credit requirement, in Babcock v. Jackson (12 N Y 2d 473) the court held that the jurisdiction which has the greatest concern with the specific issue raised, is determinative of what law should be applied. In the case at bar, sufficient is demonstrated that the State of Connecticut, because of its relationship or contact with the decedent, the estate, its assets and the other creditors, has the greatest concern with the specific issue now raised in the instant litigation.
Accordingly, upon the facts and circumstances attendant herein, sufficient is demonstrated to warrant the dismissal of the complaint as against the moving defendants.