■ LUCY DEPINTO et al., as Executors of MARIO DEPINTO, Deceased, Respondents, v ASHLEY SCOTT, INC., et al., Appellants. MDP, INC., et al., Counterclaim Defendants-Respondents. [635 NYS2d 215] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered June 14, 1995, which, *inter alia*, granted the motion pursuant to CPLR 3211 by plaintiffs and counterclaim defendants Lucy DePinto and Barry Shapiro ("plaintiffs"), as Executors of the Estate of Mario DePinto, seeking to dismiss the fourth affirmative defense and the second, sixth, seventh and eighth counterclaims of defendants Ashley Scott, Inc. and Irving Brothman against the decedent's estate and the ninth counterclaim against additional counterclaim defendants MDP, Inc. and Barry Shapiro, unanimously affirmed, with costs.

The IAS Court properly dismissed the fourth affirmative defense and first counterclaim for fraud, which alleged that as a result of the decedent's failure to disclose that he had been diagnosed with lung cancer at the time he signed the parties' Consulting Agreement there was a substantial risk that he would not provide those future consulting services. The fraud-based defense and counterclaim impermissibly restated appellants' claim for breach of contract (*Gordon v De Laurentiis Corp.*, 141 AD2d 435, 436). A contract action may not be converted into one for fraud by the mere additional allegation that the contracting party did not intend to meet his contractual obligation (*Comtomark, Inc. v Satellite Communications Network*, 116 AD2d 499, 500; *Tesoro Petroleum Corp. v Holborn Oil Co.*, 108 AD2d 607, *appeal dismissed* 65 NY2d 637). Further, the fraud-based affirmative defense and counterclaim, al-

leging detrimental reliance based upon the alleged failure to disclose, are negated by the clear provisions of the negotiated, arms-length, Consulting Agreement between these sophisticated parties which explicitly anticipated the decedent's death during its term by specifically providing that "[i]n the event of [the decedent's] death * * * [Ashley Scott] shall remain obligated to make all remaining payments to [the decedent's] estate" (*see, Pinney v Beckwith*, 202 AD2d 767, 768-769).

The decedent owed no fiduciary duty to disclose his medical condition to Brothman or Ashley Scott since the Consulting Agreement and the settlement agreement previously executed by the parties, while represented by competent counsel, explicitly permitted the decedent and Brothman to engage in separate businesses in direct competition with Ashley Scott (*Dunkin' Donuts v HWT Assocs.*, 181 AD2d 711, *lv dismissed* 80 NY2d 893). In any event, the claims arising out of the restated fourth affirmative defense and counterclaim, purporting to sound in fraud, rest primarily upon alleged acts of wrongdoing that have been settled, released and discontinued, with prejudice, in a prior action between these parties.

Nor did the IAS Court err in dismissing the second counterclaim seeking restitution of monies paid to the decedent prior to his death since such equitable quasi-contractual relief for restitution and unjust enrichment is unavailable where, as here, the parties' obligations and potential liabilities are governed by the terms of their valid written agreement (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388; *Feigen v Advance Capital Mgt. Corp.*, 150 AD2d 281, 283, *lv dismissed in part and denied in part* 74 NY2d 874).

The IAS Court also properly dismissed the sixth and seventh counterclaims, which purport to allege violations of the New York Consumer Protection Act. Ashley Scott's claims under sections 349 and 350 of the General Business Law are based on theories of trademark infringement and unfair competition, involving the alleged use of confusing labels in the manufacture of women's coats which does not pose a significant risk of harm to the public health or interest (*EFS Mktg. v Berrie & Co.*, 836 F Supp 128, 136, citing *Bristol-Myers Squibb Co. v McNeil-P.P.C., Inc.*, 786 F Supp 182, 215, *affd in part and revd in part on other grounds* 973 F2d 1033).

Nor did the IAS Court err in dismissing the aiding and abetting counterclaims as against MDP, Inc. and Barry Shapiro, in his individual capacity, since MDP, the decedent's manufacturing company, was, as the *alter ego* of the decedent, a beneficiary of the releases in the prior action between the parties

which released all claims, "whether direct or indirect", against the decedent. Moreover, CPLR 3019 (c) prohibits any counterclaims against an executor, Shapiro herein, in his individual capacity in litigation brought on behalf of an estate (*see, Corcoran v National Union Fire Ins. Co.*, 143 AD2d 309, 311; *Pereira v Phillips*, 154 Misc 2d 155, 156).

The allegation that Shapiro "aided and abetted" a breach of fiduciary duty perpetrated by the decedent by "permitting" the decedent to use the offices of another company to show women's coats to potential customers does not rise to the level of "substantial assistance" necessary to state a claim for aiding and abetting a breach of fiduciary duty (*Landy v Federal Deposit Ins. Corp.*, 486 F2d 139, 163, *cert denied* 416 US 960; *see, Jones Co. v Burke*, 306 NY 172, 194-195). Concur—Ellerin, J. P., Nardelli, Williams and Mazzarelli, JJ.