■ BOONE ASSOCIATES, L.P., Doing Business as MARY BOONE GALLERY, Appellant, v MARY OASTER, as Personal Representative of the Estate of BORIS LEAVITT, Deceased, Respondent. [683 NYS2d 47] —Order and judgment (one paper), Supreme Court, New York County (Lewis Friedman, J.), entered July 25, 1997, granting defendant's motion to dismiss, and dismissing, plaintiff's claims against the estate of Boris Leavitt as barred by the non-claim statute of the State of Florida, unanimously affirmed, without costs.

Section 733.212 (1) (a) and (4) (a), and section 733.702 (1)

and (3) of Florida's Probate Code (Fla Stat Annot, ch 733), require that claims against a Florida estate be filed within 90 days of the publication, in a local newspaper, of a notice of administration. The IAS Court correctly concluded that these Florida statutes are applicable to the claim asserted herein (*see, Matter of Redding*, 177 Misc 987; *Bachorik v Allied Control Co.*, 56 Misc 2d 982, *affd* 31 AD2d 891). *Marine Midland Bank v United Mo. Bank* (223 AD2d 119), relied upon by plaintiff, does not require a contrary result. Crucial to the determination in that case were the facts that the promissory notes sued upon expressly provided that New York law would govern any action to enforce them and that the decedent therein had consented to personal jurisdiction in New York. In this case, there is no showing of any such provision in either the will or other document relied upon (*see, Matter of Fabbri*, 2 NY2d 236, 239). Accordingly, plaintiff's claims for breach of an oral agreement and fraud in the inducement were properly dismissed as untimely under the Florida statute. The fraud claim, we note, was, in any case, independently dismissible as duplicative of the breach of contract claim, since the mere additional allegation that the decedent did not intend to keep his promises when he made them was insufficient to convert the underlying claim for breach of promise into one for fraud (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318; *DePinto v Ashley Scott, Inc.*, 222 AD2d 288). Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.