■ JAYNE GASLOW, Appellant, v PHILLIPS NIZER BENJAMIN KRIM & BALLON, L. L. P., et al., Respondents. [730 NYS2d 146] —In an action, *inter alia,* to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Nassau County (DeMaro, J.), entered March 23, 2000, as granted those branches of the defendants' respective motions which were to dismiss the first cause of action, and (2) a judgment of the same court entered April 21, 2000, as dismissed the first cause of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, so much of the order entered March 23, 2000, as granted that branch of the motion of the defendants Phillips Nizer Benjamin Krim & Ballon, L. L. P. and William F. Reilly which was to dismiss the first cause of action insofar as asserted against them in its entirety is vacated, that branch of the motion is granted only to the extent that so much of the first cause of action as is based upon the defendants' representation of the plaintiff prior to the execution of the modification agreement dated April 19, 1995, is dismissed and that branch of the motion is otherwise denied, and the first cause of action is reinstated insofar as asserted against them with respect to the defendants' representation of the plaintiff on or after April 19, 1995; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the defendants Phillips Nizer Benjamin Krim & Ballon, L. L. P. and William F. Reilly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff retained the defendant law firm, Phillips Nizer

Benjamin Krim & Ballon, L. L. P. (hereinafter Phillips Nizer), to represent her in connection with a property settlement in contemplation of a divorce, pursuant to a written retainer agreement dated April 10, 1986. The plaintiff and her husband subsequently executed a property settlement agreement on December 23, 1986, in which the plaintiff acknowledged, *inter alia*, that Phillips Nizer explained all matters to her, that she received a copy of the husband's net worth statement, and that she was fully familiar with his financial circumstances. Julia Perles, now deceased, was a partner in Phillips Nizer who represented the plaintiff in connection with the 1986 property agreement. Phillips Nizer also represented the plaintiff in connection with a September 1989 agreement which modified the original property settlement with respect to the ownership of certain real property, but otherwise reiterated all of the provisions of the 1986 agreement. The defendant William F. Reilly represented the plaintiff with respect to the 1989 modification agreement.

Approximately four years later, the plaintiff's husband commenced a divorce action. Phillips Nizer served an answer on her behalf, which included counterclaims alleging that the 1986 property settlement and 1989 modification agreement were procured through duress, and that both instruments were "unfair and inequitable in light of the husband's true financial circumstances." Shortly thereafter, on August 16, 1994, the plaintiff executed a second retainer agreement whereby Phillips Nizer was to represent her "in connection with [her] matrimonial problem; settlement negotiations and settlement agreement; custody; paternity, etc." While the divorce action was pending, on April 19, 1995, the plaintiff and her husband entered into a second modification agreement, which altered certain aspects of the 1986 property settlement and the 1989 agreement, and otherwise reiterated all of the provisions under both agreements. The plaintiff also agreed in the 1995 agreement to settle the divorce action by withdrawing her defenses and counterclaims with prejudice. Further, the plaintiff confirmed in the 1995 agreement her acknowledgments, made in the 1986 property settlement and in the 1989 modification agreement, of her receipt of the husband's net worth statement and knowledge of his financial circumstances. The defendants completed their representation of the plaintiff in August 1996 upon the entry of the judgment of divorce, which incorporated by reference the 1986 property settlement, as well as the 1989 and 1995 modification agreements.

Three years later, in or about June 1999, the plaintiff com-

menced this legal malpractice action against Phillips Nizer, Reilly, and the personal representative of the Perles estate, alleging that she did not obtain an appropriate matrimonial award in the divorce action due to the defendants' failure to obtain a net worth statement from the husband and to conduct discovery to determine the husband's financial assets.

Contrary to the plaintiff's contention, the Supreme Court properly dismissed her first cause of action for legal malpractice insofar as asserted against the personal representative of the Perles estate, since she failed to file a claim within 90 days of the estate's publication of the notice of administration as required by Florida's Probate Code (*see,* Fla Stat Annot, tit 42, § 733.702 [1]; *Boone Assocs. v Oaster,* 257 AD2d 370, 371).

We disagree with the Supreme Court's conclusion that the malpractice claim against the defendants Phillips Nizer and Reilly should be dismissed as a matter of law because the plaintiff acknowledged in the 1986 and 1989 agreements that she had received a copy of the husband's statement of net worth and was familiar with his financial circumstances. In support of their motions to dismiss the malpractice claim, Phillips Nizer and Reilly produced no evidence that a net worth statement had actually been received by the plaintiff, and the inclusion of the plaintiff's acknowledgments in the agreements may ultimately be found to constitute evidence of the defendants' negligence (*see, IMO Indus. v Anderson Kill & Olick,* 267 AD2d 10).

However, we reinstate the legal malpractice claim against the defendants Phillips Nizer and Reilly only to the extent that it is predicated upon the defendants' representation of the plaintiff in connection with the 1995 second modification agreement. Domestic Relations Law § 236 (B) (4) (a) states, in relevant part, that: *"[i]n all matrimonial actions and proceedings in which alimony, maintenance or support is in issue,* there shall be compulsory disclosure by both parties of their respective financial states. No showing of special circumstances shall be required before such disclosure is ordered. A sworn statement of net worth shall be provided upon receipt of a notice in writing demanding the same, within twenty days after the receipt thereof. In the event said statement is not demanded, it shall be filed with the clerk of the court by each party, within ten days after joinder of issue, in the court in which the proceeding is pending" (emphasis added). Here, however, there was no pending matrimonial action when either the 1986 or 1989 agreement was executed. Accordingly, it cannot be said that Phillips Nizer and Reilly were negligent in

allegedly failing to obtain a net worth statement prior to the execution of those agreements. Therefore, the plaintiff may seek to recover damages from these defendants only for their alleged failure to conduct financial disclosure prior to their negotiation of the 1995 agreement, which was executed during the pendency of the divorce action.

We further note that the plaintiffs' malpractice claim against Phillips Nizer and Reilly is not time-barred. The plaintiff's claim accrued at the time the alleged malpractice was committed, i.e., in 1995, when the defendants allegedly failed to conduct disclosure with respect to the husband's net worth when the second modification agreement was executed (*see, Shumsky v Eisenstein,* 96 NY2d 164; *Glamm v Allen,* 57 NY2d 87). However, pursuant to the continuous representation doctrine, the three-year limitations period (*see,* CPLR 214 [6]) in the instant case was tolled until August 1996 when the defendants completed their representation of the plaintiff (*see, Shumsky v Eisenstein, supra; Glamm v Allen, supra*).

As the Court of Appeals recently reiterated in *Shumsky v Eisenstein* (*supra,* at 167-168, quoting *Glamm v Allen, supra,* at 94): " '[s]ince it is impossible to envision a situation where commencing a malpractice suit would not affect the professional relationship, the rule of continuous representation tolls the running of the Statute of Limitations on the malpractice claim until the ongoing representation is completed.' " Here, pursuant to the 1994 retainer agreement, the continuous representation doctrine is applicable, in that "the continuing representation pertains specifically to the matter in which [Phillips Nizer and Reilly] committed the alleged malpractice" (*Shumsky v Eisenstein, supra,* at 168). As such, the plaintiff's malpractice claim was timely commenced within the limitations period under the continuous representation doctrine (*see, Shumsky v Eisenstein, supra; Glamm v Allen, supra*).

The record does not support a finding that the plaintiff is judicially estopped from pursuing this action (*see, European Am. Bank v Miller,* 265 AD2d 374). Krausman, J. P., Florio, Feuerstein and Cozier, JJ., concur.