■ N&S SUPPLY, INC., Plaintiff, v CHARLES SIMMONS, Defendant, and DOUGLAS C. LAPOLLA, Defendant and Third-Party Plaintiff-Respondent. STEVEN FELSENFELD, Third-Party Defendant-Appellant. [761 NYS2d 668] —In an action, inter alia, to recover on a personal guarantee, the third-party defendant, Steven Felsenfeld, appeals from an order of the Supreme Court, Westchester County (Barone, J.), dated August 1, 2002, which denied his motion for summary judgment dismissing the third-party complaint alleging, inter alia, legal malpractice.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the portion of the fifth cause of action in the third-party complaint which sought

contribution, and substituting therefor a provision granting that branch of the motion, and (2) adding a provision thereto which, upon searching the record, grants summary judgment to the defendant third-party plaintiff dismissing the third-party defendant's affirmative defense based upon the statute of limitations; as so modified, the order is affirmed, with costs to the defendant third-party plaintiff.

The defendant third-party plaintiff, Douglas LaPolla, was one of two controlling shareholders in a corporation, Hollywood Heating and Cooling, Inc. (hereinafter Hollywood). In further-ance of its business, on August 4, 1997, Hollywood entered into a credit agreement with the plaintiff, N&S Supply, Inc. (here-inafter N&S), a plumbing and heating ventilation and air conditioning supplier, pursuant to which N&S agreed to supply materials to Hollywood on credit. This agreement, which was signed by LaPolla and his partner, contained an unconditional and personal guarantee of the prompt payment of all indebted-ness incurred by Hollywood.

As a result of business liabilities, in January 1999, LaPolla decided to terminate his relationship with Hollywood and he retained the third-party defendant, the appellant Steven Felsenfeld (hereinafter the appellant), to draft a buy-out agreement. The appellant drafted an agreement, which, inter alia, provided for LaPolla to be indemnified for losses arising from his association with Hollywood. The appellant, however, failed to take any steps to terminate LaPolla's liability as a guarantor.

Hollywood continued to do business with N&S and from June 2000 through March 2001, N&S allegedly supplied Hollywood with materials worth $182,844.79 for which it was not paid. In April 2001 Hollywood went into bankruptcy.

In November 2001 N&S commenced the main action alleging that the individual guarantors were liable for Hollywood's unpaid debts pursuant to their personal guarantees. After unsuccessfully moving to dismiss that action, in April 2002, LaPolla commenced the third-party action against the appel-lant alleging legal malpractice. The Supreme Court denied the appellant's motion for summary judgment dismissing the third-party complaint as time-barred.

A cause of action alleging legal malpractice accrues when the malpractice is committed, not when it is discovered, and an ac-tion to recover damages therefor must be commenced within three years of accrual (see McCoy v Feinman, 99 NY2d 295 [2002]; Shumsky v Eisenstein, 96 NY2d 164 [2001]; Barbieri v Shayne, Dachs, Stanisi, Corker & Sauer, 304 AD2d 512

[2003]). However, the expiration of the three-year statute of limitations is subject to a toll based upon continuing representation (see *Shumsky v Eisenstein, supra; Gaslow v Phillips Nizer Benjamin Krim & Ballon,* 286 AD2d 703, 706 [2001]).

The appellant contends that his representation of LaPolla ended in February 1999 when he drafted the agreement. We disagree. LaPolla adduced persuasive evidence establishing that the appellant performed continuing legal services in 2000 and 2001 to correct his alleged failure to effectively sever all of LaPolla's economic ties with Hollywood (see *Gaslow v Phillips Nizer Benjamin Krim & Ballon, supra; Stampfel v Eckhardt,* 143 AD2d 184 [1988]). Indeed, the appellant initiated contact with LaPolla on several occasions in an effort to effectuate LaPolla's separation from Hollywood, and to discuss a strategy to defend the main action. While LaPolla ultimately eschewed the appellant's offers of free representation, we are nevertheless persuaded, as a matter of law, that the appellant did continue to provide continuous representation through January 2002, thus rendering the commencement of the third-party action timely. Accordingly, upon searching the record (see CPLR 3212 [b]), we grant summary judgment in favor of LaPolla dismissing the appellant's statute of limitations defense (see *Kuritzky v Sirlin & Sirlin,* 231 AD2d 607 [1996]).

The appellant is correct, however, insofar as he contends that the Supreme Court erred in denying that branch of his motion which was for summary judgment dismissing that portion of the fifth cause of action of the third-party complaint which sought contribution. Since LaPolla's liability to N&S in the main action, if any, will be purely economic based upon a contract, he has no claim for contribution against the appellant (see *Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 26 [1987]).

The appellant's remaining contentions are without merit (see *17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.,* 259 AD2d 75, 80 [1999]). Feuerstein, J.P., S. Miller, McGinity and Crane, JJ., concur.