■ MORRISON COHEN LLP, Formerly Known as MORRISON COHEN SINGER & WEINSTEIN, LLP, Appellant, v NATALIE SCHLEIFER SCHLASS, Respondent. [837 NYS2d 117]—Order, Supreme Court, New York County (Debra A. James, J.), entered January 25, 2007, which, inter alia, granted defendant's motion to dismiss the complaint and awarded defendant costs of the motion, unanimously modified, on the law and the facts, to vacate the award of costs, and otherwise affirmed, without costs.

Plaintiff's claims for legal fees allegedly unpaid by defendant's decedent were properly dismissed. The estate against which the claims were brought was in probate in New Jersey, the New Jersey limitations period applicable to the claims had expired, and there was no provision in the relevant agreements and documents indicating that New York law was to govern the attorney-client relationship between the decedent and plaintiff law firm (*see Gaslow v Phillips Nizer Benjamin Krim & Ballon*, 286 AD2d 703, 705 [2001], *lv dismissed* 97 NY2d 700 [2002]; *Boone Assoc. v Oaster*, 257 AD2d 370 [1999]; *Bachorik v Allied Control Co.*, 56 Misc 2d 982 [1968], *affd* 31 AD2d 891 [1969], *lv denied* 25 NY2d 737 [1969]).

The imposition of costs on the motion was unwarranted since plaintiff's choice-of-law argument was, although properly rejected, colorable. Concur—Friedman, J.P., Marlow, Nardelli, Buckley and Kavanagh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT HIDALGO, Appellant. [835 NYS2d 896]—Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered April 19, 2006, resentencing defendant, upon his conviction of criminal possession of a controlled substance in the second degree, to a term of 4½ years, unanimously affirmed.

Pursuant to the Drug Law Reform Act, the court reduced defendant's sentence from five years to life to 4½ years, and we perceive no basis for a further reduction. Concur—Friedman, J.P., Marlow, Nardelli, Buckley and Kavanagh, JJ.