FRENCH EVANGELICAL CHURCH OF NEW YORK, Respondent, *v.* VICTOR D. BORST, JR., Appellant.

First Department, March 4, 1965.

*Victor D. Borst, Jr.,* appellant in person.

*Alvin K. Hellerstein* of counsel (*Morton L. Deitch* with him on the brief; *Stroock & Stroock & Lavan,* attorneys), for respondent.

*Per Curiam.* There are two causes of action pleaded in the complaint. Both are for damages for breach of contract. It is alleged that defendant, on two occasions, mishandled investments in real estate mortgages in which defendant undertook to act as plaintiff's attorney. The first cause of action, embracing property on Gates Avenue in January, 1960, is based on a failure to record the mortgage for a period of 10 months with the consequence that two subsequent mortgages given by the mortgagor to others were recorded ahead of it, with the result that when the mortgagor defaulted plaintiff had to satisfy three mortgages in order to protect its investment. The second cause of action is based on a mortgage given in 1953. It is alleged that defendant failed to discover that there were prior liens against

the property, and that when a default occurred plaintiff, again to protect its investment, was required to satisfy these liens.

Defendant moves to dismiss on two grounds. The first is that, as no motion for a deficiency judgment was made in either foreclosure action, action is barred by subdivision 3 of section 1371 of the Real Property Actions and Procedures Law. We agree with Special Term that this section has no application to the case at bar. Plaintiff is not seeking to recover a deficiency, and cases holding that such an application is barred are not apposite.

The second ground urged is limitations. As the complaint charges breaches of contract, the six-year Statute of Limitations applies (CPLR 213, subd. 2). As to the first cause of action, suit is well within this period and the claim that suit is barred is without foundation. It is otherwise as to the second cause of action. There the breach occurred in 1953. The facts that the mortgagor defaulted in 1961 and the plaintiff only discovered the existence of the earlier mortgage at that time do not extend the date from which the statute starts to run (*Varga* v. *Credit Suisse,* 5 A D 2d 289, affd. 5 N Y 2d 865). Plaintiff was damaged as soon as its funds were invested contrary to its instructions. The extent of its damage was the difference between the value of the security it received and which it would have had if defendant had performed his agreement (*New York Water Corp.* v. *City of New York,* 4 A D 2d 209, 213; 5 Williston, Contracts [rev. ed.], § 1338). The right to this sum was immediate. As no question or claim of fraud is involved, the date of plaintiff's discovery of the prior liens has no legal significance.

The order should be modified to dismiss the second cause of action on the law and the facts, and otherwise should be affirmed, without costs.

BOTEIN, P. J., BREITEL, STEVENS, STEUER and BASTOW, JJ., concur.

Order, entered on April 3, 1964, unanimously modified, on the law and on the facts, to dismiss the second cause of action, and otherwise affirmed, without costs and without disbursements.