■ STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Appellant, v ROBERT F. CADLEY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered April 21, 1983 in Albany County, which granted defendant's motion to dismiss the complaint. ¶ On January 3, 1973, defendant executed a promissory note in which he promised to repay the Metropolitan Savings Bank the sum of $6,195.20 plus interest in monthly installments of $50.30, beginning March 1, 1973 and ending February 1, 1983. This amount represented student loans made by the bank to defendant to finance his studies from 1968 to 1971. The note was guaranteed by the New York Higher Education Assistance Corporation, of which plaintiff is the successor. Defendant's seventeenth installment payment, made on July 10, 1974, was his last. By application dated November 1, 1974, the bank asked plaintiff to honor its guarantee of defendant's loan by paying off the entire balance due ($4,220.96). Plaintiff accordingly discharged the entire debt on April 17, 1975. ¶ Following its unanswered demand for repayment in the above-stated amount, plaintiff began this suit against defendant, with service being perfected on December 13, 1982. Special Term ultimately granted defendant's motion for dismissal on the ground that plaintiff's cause of action was barred by the applicable six-year Statute of Limitations (CPLR 213, subd 2). Special Term held that the statute began to run on April 17, 1975, the date plaintiff paid off defendant's obligation on the note and its cause of action for reimbursement from defendant accrued. ¶ Plaintiff contends on this appeal that the six-year Statute of Limitations (CPLR 213, subd 2) was improperly invoked to bar its recovery, as subrogee, of the unpaid installments on defendant's note which would have come due less than six years prior to the commencment of this action. We cannot agree. When the bank demanded that plaintiff honor its indemnification agreement by paying off the entire amount due on defendant's defaulted note, it implicitly triggered the note's acceleration clause, thereby canceling the schedule of installment payments. Once plaintiff acceded to this demand by paying off the entire debt, the note was discharged and all that survived was defendant's promise, independent of the promise of the note, to reimburse plaintiff (see *Blanchard v Blanchard,* 201 NY 134, 139). It follows that plaintiff's contention, that a new cause of action against defendant was born every time an installment payment came due on his defaulted note, is erroneous. Defendant's obligation to make these installment payments ended when the bank triggered the acceleration clause and called in the full amount of the loan. Substituted in its place was defendant's obligation to reimburse plaintiff for its lump payment of the full amount of the loan on April 17, 1975. ¶ In similar cases, this court has held that a cause of action for reimbursement on defaulted student loans accrues upon the date of the payment of the debt by the guarantor (*State of New York Higher Educ. Servs. Corp. v Sferrazza,* 84 AD2d 874, 875; *State of New York Higher Educ. Servs. Corp. v Robbins,* 76 AD2d 951, app dsmd 53 NY2d 839). We see no reason to depart from that rule here. ¶ Order affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.