Roy B. **THOMPSON** and Anne W. Thompson, Plaintiffs,

v.

**NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, a New York public corporation, Credco of Oregon, Inc., an Oregon corporation, Empire Federal Savings Bank of America, a Federally chartered bank, and Goldome Savings Bank, a bank chartered under the laws of the State of New York, Defendants.**

Civ. No. 90–895–FR.

United States District Court, D. Oregon.

Nov. 30, 1990.

Roy B. Thompson, Portland, Or., for plaintiffs.

Mark J. Fucile, Stoel Rives Boley Jones & Grey, Portland, Or., for defendant Goldome Sav. Bank.

James M. Finn, Schwabe, Williamson & Wyatt, Portland, Or., for defendant Credco of Oregon, Inc.

Mark E. Friedman, Garvey, Schuber & Barer, Portland, Or., for defendant Empire Federal Sav. Bank of America.

## OPINION

FRYE, District Judge:

The matter before the court is the motion to dismiss the claims of plaintiff Roy B. Thompson filed by defendant Goldome Savings Bank (Goldome) (# 13).

## ALLEGATIONS OF THE COMPLAINT

Roy Thompson is a resident of the State of Oregon. During the period 1977 to 1979, Roy Thompson secured guaranteed student loans from the Genessee Savings and Loan Association (Genessee) located in the State of New York and predecessor to Goldome, a savings bank chartered in the State of New York and based in Buffalo, New York. Genessee declared the student loans of Roy Thompson in default,[1] and thereby secured payment of the loans by the guarantor, the New York State Higher Education Services Corporation (the NYSHESC). Thereafter, the NYSHESC represented to credit reporting agencies that the student loans of Roy Thompson were in default.

Defendant Credco of Oregon, Inc. (Credco) is a credit reporting agency and an Oregon corporation. Credco issued a credit report on Roy Thompson and his wife,

Anne Thompson, which included the representation that Roy Thompson was in default on his student loans. Because of the Credco report, two lenders denied loans to the Thompsons in August, 1990. Thereafter, the Thompsons filed this action on September 5, 1990 against the NYSHESC, Credco, Empire Federal Savings Bank of America and Goldome alleging violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, and alleging claims for defamation, breach of contract, and tortious bad faith. The Thompsons seek actual and punitive damages.[2]

Goldome has filed a motion to dismiss the claim of Roy Thompson pursuant to Fed.R.Civ.P. 12(b)(6).

## CONTENTIONS OF THE PARTIES

Goldome argues that if Roy Thompson has a cause of action for breach of contract against Goldome, the cause of action accrued at the time Goldome or its predecessor declared the student loans of Roy Thompson to be in default, which was no later than July, 1983. Therefore, the claims of Roy Thompson against Goldome are barred by the applicable statute of limitations. Roy Thompson argues that the statute of limitations began to run when he was denied loans in August, 1990.

## APPLICABLE LAW

For purposes of a motion under Fed.R. Civ.P. 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and must generally accept as true the facts alleged. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567,

---

1. The complaint does not include an allegation of the date of the declaration of default. However, Goldome establishes, by affidavit, that Genessee ceased to exist sometime before March 26, 1982. In his Memorandum in Opposition, Roy Thompson states that Goldome, not Goldome's predecessor, Genessee, declared the student loans of Roy Thompson in default in January, 1983, and that NYSHESC purchased the "defaulted" loans in July, 1983. Memorandum in Opposition, p. 2.

2. Roy Thompson has 1) withdrawn his claim for "tortious bad faith" against Goldome and re-

quested that the court substitute "an independent claim for the breach of the implied covenant of good faith and fair dealing," Memorandum in Opposition, p. 6; and 2) withdrawn his claim for punitive damages against Goldome. Memorandum in Opposition, p. 7. The court accepts the withdrawal of the claim for "tortious bad faith" and the claim for punitive damages. The court does not recognize the attempt of Roy Thompson to amend his complaint to include a claim for breach of an implied covenant of good faith and fair dealing.

70 L.Ed.2d 474 (1981). The court should dismiss a complaint for failure to state a claim only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

The parties agree that the laws of the State of New York apply to the issues before the court.

## ANALYSIS AND RULING

Roy Thompson has asserted state law claims for breach of contract and breach of an implied covenant of good faith and fair dealing against Goldome. Under the laws of the State of New York, "an action upon a contractual obligation or liability, express or implied, must be commenced within six years." N.Y.Civ.Prac.L. & R. § 213(2) (McKinney Supp.1990). The time within which an action must commence is "computed from the time the cause of action accrued to the time the claim is interposed." N.Y.Civ.Prac. L. & R. § 203(a) (McKinney Supp.1990).

In contract cases, the cause of action accrues and the statute of limitations begins to run from the time of the breach of the contract. *John J. Kassner & Co. v. City of New York*, 46 N.Y.2d 544, 389 N.E.2d 99, 101–02, 415 N.Y.S.2d 785, 788 (1979). *See also, State Higher Educ. Serv. Corp. v. Cadley*, 103 A.D.2d 908, 478 N.Y. S.2d 141, 142 (1984).

Roy Thompson alleges that Goldome breached the loan agreement by wrongfully declaring his student loans to be in default in January, 1983, thereby securing payment by the guarantor of the loans in July, 1983.

Goldome's alleged misrepresentation of Roy Thompson's credit record to the guarantor posed a potentially irreparable harm to the credit reputation of Roy Thompson. Although monetary damages may not have been determinable at the time of the alleged misrepresentation, injunctive relief was available to Roy Thompson to prevent Goldome from collecting on NYSHESC's guarantee and/or to compel Goldome to reinstate his loans. *See Drukill Co. v. Alpha Alpina, S.A.*, 223 N.Y.S.2d 51, 55–56 (N.Y.Sup.Ct.1961); *accord, Gulf & Western Corp. v. Craftique Prods.*, 523 F.Supp. 603, 607 (S.D.N.Y.1981).

The fact that Roy Thompson may not have been aware of either the misrepresentation or of the injury until a later date is irrelevant in determining the statute of limitations under the laws of the State of New York. *French Evangelical Church v. Borst*, 22 A.D.2d 511, 256 N.Y.S.2d 805, 806 (1965) (statute of limitations runs from the time of breach irrespective of the date of discovery); *Guild v. Hopkins*, 271 A.D. 234, 63 N.Y.S.2d 522, 531 (1946), *aff'd*, 297 N.Y. 477, 74 N.E.2d 183 (1947) (existence of a cause of action for breach of contract does not depend upon claimant's knowledge of injury).

Roy Thompson's cause of action accrued no later than July, 1983, when Goldome allegedly breached his loan agreement and misrepresented to the NYSHESC that his loans were in default. Roy Thompson initiated this action on September 5, 1990. Therefore, under the laws of the State of New York, the claim of Roy Thompson against Goldome for breach of expressed and implied contractual obligations is time-barred.

## CONCLUSION

Goldome's motion to dismiss (# 13) is granted.