■ Dale Johnson, Respondent, v Grover A. Rose, Appellant. [607 NYS2d 467] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered July 2, 1992 in Saratoga County, upon a decision of the court in favor of plaintiff.

The single issue raised on this appeal is whether this breach of contract suit was timely commenced by service of a summons and complaint on defendant on December 5, 1990. Supreme Court, on stipulated facts, found that as to the unpaid installment payments due plaintiff under the modification agreement for the years 1985 and 1986, the Statute of Limitations had not run and granted plaintiff judgment for 24

unpaid payments at $490.81 each, plus interest. Judgment was entered for a total of $15,222.32 pursuant to the decision of the court.

In 1977 plaintiff and defendant were sole shareholders in a closely held corporation, G. A. Rose General Contractors, Ltd., a duly licensed New York corporation, each holding 50 shares of stock. On October 3, 1977 the parties and the corporation executed a written agreement whereby the corporation agreed to redeem the stock held by plaintiff for $30,000, payable by a first payment of $2,500 upon execution of the agreement and the remainder to be paid in 78 monthly installments of $490.81 each. The agreement also provided that if the corporation did not possess sufficient funds to make a monthly payment, defendant would pay into the corporation sufficient funds to create a surplus so that the corporation could make the payment. On May 24, 1982 the parties modified the original agreement, declaring that a debt of $14,873.23 remained outstanding and that the installment payments of $490.81 per month would resume on January 3, 1983. On October 27, 1989 plaintiff obtained a judgment against the corporation for the $14,873.23 amount, plus interest, making the total unpaid balance $29,720.54. Plaintiff next commenced the instant action to recover the allegedly unpaid $14,873.23 plus interest against defendant, individually.

Defendant argues that the action is barred by the Statute of Limitations because plaintiff's action against the corporation resulting in the above judgment was an election to accelerate all the installment payments due, triggering the running of the Statute of Limitations against the debt as of the operative date of the modification, January 3, 1983, and that this was the time of the breach. We disagree. Plaintiff correctly argues in his brief that the 24 incremental payments due under the modification agreement ended in 1986, as Supreme Court found, and the Statute of Limitations had not run out at the time of commencement of this action. Plaintiff further correctly asserts that under the modification agreement there were no more scheduled payments after 1986 and that, therefore, at the time he instituted the action against the corporation in 1989, all of the installment payments at issue were already past due and in default. Consequently, there could be no acceleration of installment payments under the agreement as modified and no triggering of the Statute of Limitations as defendant contends.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.