■ In the Matter of JOSE E. CARRANZA et al., Respondents, v GEORGE PRINZ, Appellant. [658 NYS2d 1011] —In a proceeding pursuant to CPLR 7503 to stay arbitration, the appeal is from (1) a judgment of the Supreme Court, Suffolk County (McNulty, J.), entered May 21, 1996, which granted the petition and permanently stayed arbitration, and (2) an order of the same court, dated August 6, 1996, which denied the appellant's motion for reargument.

Ordered that the appeal from the order dated August 6, 1996, is dismissed, as no appeal lies from an order denying a motion for reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

In December 1995 the appellant George Prinz served a demand for arbitration upon the petitioners, Jose Ernesto Carranza and Donald Gold, of a controversy regarding an alleged breach of a contract for the purchase of stock. The petitioners commenced the instant proceeding for a permanent stay of the arbitration, arguing that the appellant's demand for arbitration in December 1995 of a controversy regarding a breach of contract involved a claim that had accrued in June 1989 and that would be barred by the six-year Statute of Limitations had it been asserted in State court (see, CPLR 7502 [b]). The Supreme Court granted the petition and permanently stayed the arbitration. We affirm.

CPLR 7502 (b) bars arbitration if the claim sought to be arbitrated would have been barred by the applicable Statute of Limitations had it been asserted in a court of law (see, CPLR 7502 [b]; see also, Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 9, n 2; Sears, Roebuck & Co. v Enco Assocs., 43 NY2d 389, 394). CPLR 213 provides that an action upon a contractual obligation or liability, express or implied, is to be commenced within six years (see, CPLR 213 [2]), and a cause of action to recover damages for breach of contract accrues when the breach occurs (see, Goicoechea v Law Offs. of Stephen R. Kihl, 234 AD2d 507; Garden City Imaging Ctr. v Lawrence & Walsh, 234 AD2d 414; see also, Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402; Tal-Spons Corp. v Nurnberg, 213 AD2d 395, 396).

Here, a cause of action to recover damages for breach of contract accrued in June 1989 when the petitioners allegedly failed to perform their obligations under the contract. The appellant's demand for arbitration on December 22, 1995, made more than six years thereafter, was outside the statutory time limit for breach of contract actions and thus arbitration of the

claim is time-barred pursuant to CPLR 7502 (b). Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.