■ IRA RUSSACK, Appellant-Respondent, v HENRY WEINSTEIN et al., Appellants-Respondents. [737 NYS2d 638] —In an action to recover damages for breach of contract, (1) the plaintiff appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated September 28, 2000 (the first order), which denied his motion for summary judgment, and (2) the defendants appeal from an order of the same court, also dated September 28, 2000 (the second order), which denied their cross motion, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time barred.

Ordered that the first order is modified, on the law, by (1) deleting the provision thereof denying that branch of the

plaintiff's motion which was for summary judgment against the defendant Henry Weinstein for damages in the sum of $166,917.51 and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment against the defendant Ocean Woodruff Development Corp. on the issue of liability for certain interest payments and substituting therefor a provision granting that branch of the motion; as so modified, the first order dated September 28, 2000, is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith; and it is further,

Ordered that the second order is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff and the defendant Henry Weinstein each own 50% of the defendant Ocean Woodruff Development Corp. (hereinafter OWDC). Since its formation in 1985, both the plaintiff and Weinstein have made various, unequal capital contributions to OWDC. In January 1987 the plaintiff and Weinstein entered into an agreement wherein they agreed that if one of them made an "excess advance," as that term was defined in the agreement, to OWDC, the other was required, within 60 days of written notice, to pay "one-half of the amount of any excess advance so as to equalize the contributions * * * made by each of them," and that OWDC would pay interest on the excess advance to the party who made it. The agreement also provided that any determination as to whether the plaintiff or Weinstein made an excess advance, and the amount thereof, was to be made by Miller, Ellin & Company (hereinafter MEC), OWDC's accountant, and that the determination was binding.

In November 1995 MEC determined that from 1985 to 1990, the plaintiff made excess advances to OWDC in the amount of $333,835.03. By letter dated May 6, 1999, the plaintiff demanded that Weinstein pay him one half of the amount of his excess advances, plus interest. By a separate letter, the plaintiff demanded that OWDC pay him interest on his excess advances.

In July 1999 the plaintiff commenced this action against Weinstein and OWDC to recover damages for breach of contract. Thereafter, the plaintiff moved for summary judgment. Weinstein and OWDC cross-moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time barred. In one order dated September 28, 2000, the Supreme Court denied the plaintiff's motion. In a second order, also dated September 28, 2000, it denied the cross motion.

The Supreme Court properly denied that branch of the cross motion which was to dismiss the complaint as time barred. The plaintiff's breach of contract claim is not time barred, as the applicable six-year statute of limitations did not begin to run until 60 days after the plaintiff's written demand for payment (see, CPLR 206 [a]; 213).

The Supreme Court erred in denying those branches of the plaintiff's motion which were for summary judgment against Weinstein for damages in the sum of $166,917.51, or one half of his excess advances, and against OWDC on the issue of liability for interest on that sum. The interpretation of the terms of a written agreement that are clear and unambiguous is a matter of law for the court, and the court should construe the words and phrases used according to their plain meaning (see, W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162-163; Tikotzky v City of New York, 286 AD2d 493; Weisberger v Goldstein, 242 AD2d 622). Here, the agreement between the plaintiff and Weinstein provided that when one of them made an excess advance to OWDC, as determined by MEC, the other was entitled to receive one half of the amount advanced. Since MEC determined that the plaintiff made excess advances of $333,835.03, the plaintiff is entitled to receive one half of that amount, i.e., $166,917.51, from Weinstein. In addition, although the plaintiff is not entitled to receive interest on that amount from Weinstein, as the agreement did not provide for the payment of interest by the party who did not make the excess advance, he is entitled to receive interest from OWDC pursuant to the agreement. Therefore, the matter is remitted to the Supreme Court, Kings County, for a determination as to the amount of interest the plaintiff is entitled to receive from OWDC.

The defendants' remaining contentions are without merit. Prudenti, P.J., Santucci, S. Miller and Friedmann, JJ., concur.